## TALLEY et al. v. SHASTA OIL CO.

### No. 5684.

Court of Civil Appeals of Texas. Texarkana.

Nov. 14, 1940.

Florence & Florence, of Gilmer and Jones & Jones and C. A. Brian, all of Marshall, for appellants.

Lightfoot, Robertson & Gano, of Fort Worth, for appellee.

HALL, Justice.

This is an appeal from an order of the District Court of Gregg County sustaining appellee's plea of privilege. Appellant Mrs. Anice Talley, individually and as next friend and guardian of her minor children, brought this suit in the District Court of Gregg County against the appellee for damages occasioned by the death of Robert Lee Talley, the husband and father of appellants. It was alleged that Robert Lee Talley was employed by appellee on one of its oil wells in Ector County and on account of gross negligence of appellee the said Robert Lee Talley met his death. Appellee in due time filed its plea of privilege to be sued in Midland County, Texas, the county of its residence. Appellants filed controverting affidavit in which it was sought to hold venue in Gregg County under Secs. 23 and 27 of Article 1995, R.C.S. of 1925. No contention was made that appellee's residence was not in Midland County. In said controverting affidavit it was alleged that one H. L. Culpepper was the agent and field superintendent of appellee and that he resided in Gregg County. By an amendment to the controverting affidavit J. M. Holcomb is alleged to be the superintendent of Shasta Oil Company and reside in Gregg County. The issues thus joined were tried before the court without a jury and resulted in judgment for appellee, transferring said cause to Midland County, Texas, the admitted residence of appellee.

All appellant's propositions assert that the action of the trial court in sustaining appellee's plea of privilege is contrary to the overwhelming preponderance of the evidence. The evidence showed that Culpepper and three or four other employees of appellee resided in Gregg County and operated some twenty-five oil wells belonging to it; that Culpepper and the other employees ran the oil into the tanks and

into the pipe lines, looked after the leases generally, received oil run tickets from the pipe line company, which they forwarded to appellee at Midland, Texas; that there was a painted sign on appellee's lease in these words:

"Shasta Oil Company
"Shano Oil Company
"East Texas Headquarters."

And on a mail box across the road from the lease was painted "Shasta Oil Company, Shano Oil Company." The witness Culpepper testified that this sign and mail box were there when he began working for the company some two years before the trial; that he did not know who put them there and that he had received no instructions with respect to them. The witness Culpepper testified further that he transacted no business for the company, and when bills came to him for the company he forwarded them to the main office at Midland, Texas. That on some occasions he would buy a few pipe connections to be used around the oil wells; that he made out daily gauge reports and sent them to the office at Midland. This witness testified that he was not superintendent, and had nothing to do with the management of the company's business, save and except as heretofore set out. The witness testified further that a man by name of Holcomb who resides in Gregg County, but makes his headquarters in Midland, travels around for the company and looks after their leases. Sometimes he comes to East Texas.

"Q. Does he tell you fellows what to do when he comes here? A. At times he does, and at times he doesn't. Sometimes he goes around and things are in good shape.

"Q. I understand, sometimes things go right and sometimes they don't, but when they aren't right, does he jack you up about it? A. Yes, sir.

"Q. And tells you how to work it out? A. Sure.

"Q. If, for example, he finds anything wrong on the lease here in Gregg County, he will tell you what to do? A. Yes, sir.

"Q. And you boys will do it? A. Try to do it the best you can.

"Q. Do you have an East Texas superintendent? A. No, sir; no East Texas superintendent.

"Q. Do you have any kind of a superintendent living in Gregg County? A. *I don't know what Mr. Holcomb is, I*

*don't know what his position is with the company.*

"Q. He is taller up than you? I mean, higher than you? A. *I don't know what he is.*

\* \* \*

"Q. Do you know whether or not he *is* listed as superintendent for Shasta Oil Company? A. *I just couldn't tell you. I have never seen nothing on it, I don't know whether he is or not.*

"Q. But he does tell you boys what to do when he is here in Gregg County? A. Yes, sir; he does."

■ The above summary of the testimony is that upon which it is sought to maintain the venue of this case in Gregg County.

"The right to sue in another than the county of domicile is for the benefit of the plaintiff, *and he must present the facts necessary to show that his case comes within the countenance and support of the exceptions to the general rule that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile."* Cannel Coal Co. v. Luna, Tex.Civ.App., 144 S.W. 721, 723, writ dismissed.

■ "The law never presumes agency; it is always a fact to be proved." 2 T.J. p. 500 Sec. 103. (All italics ours.) To the same effect is 3 C.J.S., Agency, p. 253, § 315, par. b. Thus the burden of establishing that appellee had an agent or representative in Gregg County rested upon the appellant.

"Agency, properly speaking, relates to commercial or business transactions, while service deals with matters of manual or mechanical execution; and the essential distinction is that the agent is employed to establish contractual relations between his principal and third persons, while the servant is not. If one is employed to perform personal service for another and his physical movements in the performance of such service are subject to the other's control, he is a servant, while if he is employed to represent another in contractual negotiations or similar transactions, he is an agent." 2 C.J.S., Agency, p. 1029, § 2 subd. e.

In Rendleman v. Niagara Sprayer Co., D.C., 16 F.2d 122, it is said: "A 'servant' is a worker for another who deals ordinarily with things, and who has no power to bring about contractual relations with

third persons; while an 'agent' is one who deals not only with things, but persons, using his own discretion as to means, and frequently establishing contractual relations between his principle and third persons."

█ The testimony set out above when read in the light of these authorities, in our opinion, establishes without dispute that Culpepper and those working with him were simply employees or servants of appellee and not agents or representatives, and the meagre testimony of Culpepper with respect to the powers and duties of Holcomb, at most, presented a question of fact as to whether Holcomb was an agent or representative of appellee within the meaning of exceptions 23 and 27, Article 1995, R.C.S.1925. This issue was decided by the trier of the facts, in this instance the trial judge, against the contention of appellant.

The judgment of the court below sustaining appellee's plea of privilege and transferring this cause to Midland County, Texas, is warranted by the evidence, and is in all things affirmed.