## HUMBLE OIL & REFINING CO. v. BELL et al.

### No. 4296.

Court of Civil Appeals of Texas. El Paso.

April 22, 1943.

Rehearing Denied May 13, 1943.

Knox W. Gilmore, of Houston (E. E. Townes and R. E. Seagler, both of Houston, of counsel), for appellant.

John J. Watts, of Crane, for appellees.

PRICE, Chief Justice.

This is an appeal by the Humble Oil & Refining Company from an order overruling its plea of privilege interposed in a suit where it and one O. M. Hodges were defendants, the Ocean Accident & Guarantee Corporation, an intervener, and Francis Bell was plaintiff. Defendant Hodges likewise interposed a .plea of privilege which was sustained by the court.

Appellant will be hereinafter called "Humble," appellee Bell, "plaintiff," and defendant Hodges will be referred to as "Hodges."

Plaintiff was injured in Yoakum County through the alleged negligent acts and omissions of Humble and defendant Hodges. The injury was alleged to have taken place on the property of Humble where Hodges, as an independent contractor, was constructing a slush pit, in the excavation of which dynamite was used; that all the dynamite failed to explode, and the next night after the blasting plaintiff, who was on the premises of Humble in the employ of an independent contractor, was injured by explosion of dynamite left in the slush pit by Hodges.

Various grounds of negligence are urged against each defendant.

The plaintiff's controverting affidavit to Humble's plea invoked Section 23 of Art. 1995, R.S., as the exceptive provision applicable sustaining the venue in

Crane County. In this connection the affidavit stated Humble had a representative and agent in Crane County, namely, Steve Baldwin. It is uncontroverted that Humble was a domestic corporation. The venue facts, therefore, in issue were as to whether or not Humble had such agent or representative in Crane County at the time of filing the suit. Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265; Section 23, Art. 1995, R.S.1925.

Baldwin at all relevant times was a resident of Crane County, Texas. The evidence introduced was the testimony of Baldwin and the purported written contract between Humble and Baldwin. In our opinion the testimony was sufficient to show the execution of the contract in question by Humble. The contract styled Baldwin "commission agent" at its No. 30 service station located at Crane, Texas, Highway No. 51, in the town of Crane, Texas, in Crane County, Texas. It was duly executed by Baldwin and Humble. As to Baldwin's duties, it was provided he was "to sell and distribute through said service station the goods and products supplied him by Company; to collect all moneys that may be due the Company for goods sold by him; to look after and properly care for all property of the Company that may be placed in his charge, keep the service station premises in a clean, healthful and attractive condition to the satisfaction of the Company's representatives, and display properly all advertising matter supplied him; to make reports and *perform other duties in connection with the operation of said station that may be required of him from time to time by Company.*" (Italics ours.) Any help required in operating the station was to be paid for by Baldwin. All sales made by Baldwin should be at prices fixed by the Company and for cash, unless he was authorized by the Company in writing to sell to certain customers on credit. He was to remit daily all amounts collected by him. His compensation was to be an agreed percentage on sales made by him. The gross proceeds of sales were to be remitted to the Company. For using certain equipment of the Company on the premises in his own business he was to compensate the Company on a basis fixed by the contract. The contract was to be revocable at the will of the Company, with or without cause. The Company was authorized to deduct from the commissions coming to Baldwin the tax imposed upon his employees under the Old Age Benefit Section of the Social Security Act, and further authorized it to deduct from his commissions the employee's tax due on the wages of Baldwin.

Baldwin testified to the operation of the station for Humble in substantial conformity with this contract.

Beyond any question, Baldwin was employed to conduct a filling station in Crane County for the use and benefit of Humble. His employment contemplated a continuous operation. He was to sell the products of Humble for it at a price fixed by it. Goods sold were until sold its property, and when sold the proceeds were likewise its property. The contract does not by express terms bind Humble to deliver to Baldwin any of its goods. Such obligation, if present at all, is by inference only. His obligation as to the maintenance of the station was to be measured by the satisfaction of the Company. Terminable at the will of the Humble, by its very terms Baldwin bound himself in the operation of the station to submit to such directions as might be given him from time to time. Among the charter purposes of the Humble was the sale of oil and gas. In our opinion the relationship created by the contract was not that of employer and independent contractor. The right to impose duties dehors the specific obligation of the contract, to our mind is conclusive on this question. Blankenship v. Royal Indemnity Co., 128 Tex. 26, 95 S.W.2d 366; American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409.

However, even being an independent contractor in the sense that Humble did not have the right to control his physical acts, he might still be its agent.

The relationship suggested by the contract is that of master and servant or principal and agent. Common to both relationships is creation by contract. The distinguishing feature between them is the nature of the employment. It is sometimes stated a difference in degree. 2 C.J.S., Agency, p. 1029, § 2, subdivision (e).

The conclusion seems inescapable to us that Baldwin was the representative through whom Humble sold its products in Crane County. His powers were narrow and circumscribed, but he acted for the Corporation. In the operation of the filling station he had authority to consummate sales for it. Even though most of these sales were for cash, at prices fixed by the Company, he made for the Company the contract of sale. Acting for the Company he

conveyed the title of the Company to its goods. He created contractual relationships with the Humble and third parties. This factor is distinguishing as characterizing the relationship to be that of principal and agent rather than master and servant. Talley v. Shasta Oil Co., Tex.Civ. App., 146 S.W.2d 802; American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409.

■ The question of responsibility of the Humble for the acts or omissions of Baldwin is not here involved. No question is tendered as to its responsibility for the acts or omissions of Baldwin's employees. The question is not as to obtaining jurisdiction over the person of Humble through service on Baldwin. In order to sustain the venue in Crane County it was only incumbent on plaintiff to establish by evidence that Baldwin was the agent or representative of Humble in Crane County within the meaning of § 23 of Art. 1995.

It is true, establishing that he was a mere servant dealing with things alone is not sufficient. Talley v. Shasta Oil Co., Tex. Civ.App., 146 S.W.2d 802.

It is not here necessary to determine as to whether the establishment of the relationship of employer and independent contractor would have been sufficient. Such was not the relationship created by this contract. Baldwin specifically agreed, in the operation of its station, "to make reports and perform other duties in connection with the operation of said station that may be required of him from time to time by the Company."

■ We hold that the evidence was sufficient to support the finding that at the time of the institution of this suit Humble had an agent or representative in Crane County. From this holding the conclusion follows that as to it, the plaintiff had the legal right to maintain the suit in Crane County. Bradstreet Co. v. Gill, 72 Tex. 115, 9 S.W. 753, 2 L.R.A. 405, 13 Am.St.Rep. 768; Ad-

vance-Rumely Thresher Co. v. Moss, Tex. Civ.App., 213 S.W. 690; Avery Co. of Texas v. Wakefield, Tex.Civ.App., 225 S.W. 875; Houston Packing Co. v. Cuero Cotton Oil & Mfg. Co., Tex.Civ.App., 220 S.W. 394; Painter Bus Lines, Inc. v. Carpenter, Tex.Civ.App., 146 S.W.2d 278.

■ We think this holding in no way conflicts with Talley v. Shasta Oil Co., Tex. Civ.App., 146 S.W.2d 802, 804. We agree with the statement therein by Judge Hall: "Agency, properly speaking, relates to commercial or business transactions, while service deals with matters of manual or mechanical execution; and the essential distinction is that the agent is employed to establish contractual relations between his principal and third persons, while the servant is not."

■ In its second point of error Humble in substance contends that Hodges was alleged to be guilty of active negligence and it only of passive negligence, and hence entitled to a judgment over against Hodges; that each defendant having filed a plea of privilege, it is the duty of the court to transfer the whole case if either plea was sustained, or to overrule both pleas, so that full relief might be given to all parties. Humble did not appeal from the action of the trial court in sustaining the plea of privilege of Hodges. It perhaps could not have done so in the state of the pleading. Plaintiff's petition was sufficient to charge Humble and Hodges with concurring acts of negligence, the acts or omissions of each being averred as the proximate cause of plaintiff's injury, a joint and several liability was alleged as to each. We think there was no error of which Humble can complain. Comer et al. v. Brown, Tex.Com.App., 285 S.W. 307.

Had Humble plead over against Hodges, a different question might be presented.

It is ordered that the judgment of the trial court be in all things affirmed.

WALTHALL, J., not participating.