## TEXAS POWER & LIGHT CO. v. ADAMSON.

No. 6268.

Court of Civil Appeals of Texas. Texarkana.

Feb. 20, 1947.

Rehearing Denied Feb. 27, 1947.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, of Tyler, for appellant.

Norman, Stone & Norman, of Jacksonville, and Shook & Shook, of Dallas, for appellee.

HARVEY, Justice.

J. V. Adamson filed suit in Cherokee County, the place of his residence, against Texas Power & Light Company, a corporation organized under the laws of the State of Texas, with its principal place of business in Dallas, Dallas County, Texas, to recover damages approximating $24,000 alleged to have been sustained by himself

and his automobile as the result of an accident that occurred in Smith County. From an order of the district court of Cherokee County overruling its plea of privilege to be sued in Dallas County the defendant in due time has perfected this appeal.

The basis upon which the plaintiff predicated his controverting affidavit for the purpose of maintaining venue in Cherokee County is subdivision 23, Art. 1995, of the Revised Civil Statutes of Texas 1925, as amended, Vernon's Ann.Civ.St. art. 1995, subd. 23, the pertinent part of which is as follows: "Suits against a private corporation * * * may be brought * * * in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county."

The sole question presented on this appeal is whether or not the evidence was sufficient to show that the defendant corporation (appellant) had an agency or representative in Cherokee County within the meaning of the exception to the general venue statute above set out. On this point two witnesses were called by the plaintiff and testified as to their employment by the defendant company, and their duties in its behalf. One testified that he operated a store in Forest, Cherokee County; that he was also postmaster and maintained the post office in his store; that people in the vicinity came to his store to pay light bills due the defendant, aggregating about $100 monthly, for which service he was paid $5 per month; that he would deposit the money in the bank to defendant's credit, stamp the bills paid with a stamp furnished by the company, and send to the defendant the deposit slips together with a list of those making payments and the amounts paid by them; that some of the checks were made payable to the company; that he had the only local telephone and when customers of the power company requested him to call the company and report a breakdown in service he would do so. The other witness, who operated a variety store in Wells, Cherokee County, testified substantially to the same things, except his monthly salary was $15 and the monthly collections were about $400; that some of the bills were paid by check payable to the company, and he would endorse them in the company's name by Smith Variety Store, leaving the money in the bank and sending the deposit slips to the company's office in envelopes supplied by it. Both witnesses testified that their only duty was to receive payment of electric bills from those who voluntarily came into their respective places of business and made such payments, and to transmit the amounts so collected. They did not solicit payments, or undertake to collect delinquent accounts; did not sell merchandise for the company, make agreements on its behalf, or perform any other service for it.

It is sometimes difficult to distinguish between an agent or representative and a servant or employee. Any one who does the slightest act for another might be the representative of such person for the performance of that limited service if we give the term its broadest meaning. In legal contemplation, however, "representative" implies something more than that. It connotes the use of at least some discretionary authority; the taking the place of the principal and acting in the furtherance of his business; the power to bind the principal in a contractual sense. As used in the statute under consideration, we think the terms "agency" and "representative" are interchangeable. One of the distinguishing characteristics between an agent and a servant is discussed in the case of Talley v. Shasta Oil Company, Tex.Civ. App., 146 S.W.2d 802, 804, in an opinion by this court, from which we quote the following statement: "Agency, properly speaking, relates to commercial or business transactions, while service deals with matters of manual or mechanical execution; and the essential distinction is that the agent is employed to establish contractual relations between his principal and third persons, while the servant is not."

The same view is expressed in the case of Rendleman v. Niagara Sprayer Co., D. C., 16 F.2d 122; Kingan & Co. v. Silvers, 13 Ind.App. 80, 37 N.E. 413; 2 C.J.S., Agency, § 2 (e), p. 1029. We do not believe that the legislative intent in the enactment of the exception to the venue statute herein under consideration was to confer

venue in suits against a private corporation unless it clearly should be established that such corporation had an agent or representative in the county where the suit was filed, as contradistinguished from a servant or employee. Under the facts of this case, the witnesses in question were employees of the company, and their duties were not such as would be sufficient to classify them as agents or representatives.

The judgment of the district court is reversed, and the venue of this suit is changed to Dallas County; the district clerk of Cherokee County is instructed to transmit the record in the case, together with the original court papers therein, to the district clerk of Dallas County, to be docketed in the usual and customary manner.