**ALLEN M. CAMPBELL, GENERAL CONTRACTORS, INC., et al., Appellants,**

v.

**O. D. McDONALD et ux., Appellees.**

No. 6394.

Court of Civil Appeals of Texas.

Beaumont.

May 4, 1961.

Rehearing Denied June 7, 1961.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellants.

Fulmer, Fairchild & Badders, Nacogdoches, for appellees.

ANDERSON, Chief Justice.

O. D. McDonald and wife sued in the district court of Nacogdoches County to recover damages because of personal injuries Mrs. McDonald sustained when an automobile in which she was riding collided with a road-sweeping machine in the county of suit. They sued Allen M. Campbell Company General Contractors, Inc., Shelton Ben Lyles, and Kenneth Crawford, none of whom resided or was domiciled in Nacogdoches County. Each of the defendants filed a plea of privilege. The pleas were overruled and the appeal is from the order by which they were overruled. All three defendants appealed.

In ruling as it did, the trial court relied upon Subd. 9a of Art. 1995, Vernon's Ann. Civ.Stat., which in part is as follows: "A

suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile."

Findings of fact and conclusions of law were neither filed nor requested, but the order overruling the pleas of privilege implies findings that in Nacogdoches County the defendants were guilty of negligence in one or more of the respects charged in the plaintiffs' petition and that such negligence proximately caused Mrs. McDonald's injuries. These implied findings are attacked by appellants as being without any support in the evidence; as being, in the alternative, without sufficient support in the evidence; and as being, in the further alternative, so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

The trial court's ruling is sustained. Among findings which the court was at liberty under the pleadings to make, and which will be presumed to have been made, are these: that Lyles and Crawford operated the road sweeper in such a manner as to create an obscuring cloud of dust and thereby created a hazardous condition on the highway; that neither by flagman nor otherwise did the corporate defendant give notice of the presence of the sweeper on the highway; that in such respects the defendants were negligent; that their negligence proximately caused the collision and Mrs. McDonald's injuries. There not only is some evidence but sufficient evidence to support such findings, and the findings are not so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. A brief summary of the pertinent evidence follows.

The corporate defendant, which was the employer of Lyles and Crawford, was engaged in widening and retopping a portion of U. S. Highway No. 59 in Nacogdoches County. Actual work was in progress both

north and south from the brow of a considerable hill. Asphalt and rock were being applied on the west half of the highway to the south. The east half to the north, on which the dirt road bed was exposed, was being swept. Lyles and Crawford were engaged in the latter task. Lyles, although superintendent of the job, was temporarily operating the tractor by which the sweeper itself was being pulled. The latter machine consisted of a rotary broom mounted on a carriage which had three wheels—one in front and two in the rear. The broom was one which rotated parallel to the ground. The size of the broom is not reflected by the record, but the carriage was eight feet wide at the rear. Crawford was in charge of the broom and was standing on a platform at the rear of the carriage. He could lower, raise and otherwise manipulate the broom, but he had no control over the speed or direction of the vehicles except through Lyles. The sweeper was proceeding northward at a speed of from four to six miles per hour, was going down hill, and was on the east edge of the strip that was to be retopped. West of the sweeper the highway was unobstructed, and it afforded ample room for the passage of other vehicles. The topping, overall, was to be forty-three feet wide, and the west half of the highway had already been retopped and was open to traffic.

The automobile in which Mrs. McDonald was riding was being driven by her daughter-in-law and was going in the same direction as was the sweeper. It overtook and ran into the sweeper a short distance below the brow of the hill. The distance was estimated by the driver of the automobile to have been approximately one hundred yards, but appellant Lyles testified that by actual measurement it was eleven hundred feet. The right front of the automobile, in the vicinity of the headlight, struck the left rear wheel of the sweeper. The automobile probably struck the tractor also, because the latter was overturned, but the evidence touching the matter is not definite. The automobile remained upright and continued forward an additional 200 or 250 feet.

There were three occupants of the automobile, but only two of them testified—appellee and the driver. Both testified that the road machine was hidden from their view by the dust it was raising. They saw the dust before they reached it, and appellee commented upon it, but the driver neither changed course nor appreciably decreased the speed of the automobile. She supposed at the time, she said, that the dust was being raised by another northbound automobile. Both witnesses stated, in effect, that the dust cloud was deceptive in that an inner core which was of blinding density was obscured by less dense dust around it. They said that the collision occurred momentarily after they entered the inner core. They approached and entered the dust at a rate of speed which the driver estimated to have been between thirty and thirty-five miles per hour.

The collision occurred around noon of a clear day, August 19, 1959, and there was nothing other than the dust to keep the occupants of the automobile from seeing the road machine. Wind, it may be added, unless the lack of any, played no part in the mishap.

Appellant Lyles did not see the automobile before the collision. Crawford saw it, but not until too late to do anything toward preventing what followed. He first saw it, he said, when it was within thirty or forty feet of the sweeper. He estimated that the automobile was then travelling at a speed of from fifty to fifty-five miles per hour.

Neither Lyles nor Crawford was very explicit about the amount of dust the sweeper was raising at the time, but they did say that, in the absence of wind, the dust normally did not rise more than three or four feet above the ground.

There was a flagman at the north end and another at the south end of where work was in progress on the west half of the highway south of the brow of the hill, but

they were only concerned with keeping traffic away from that work. The one north of the work area was on the brow of the hill, but he was not flagging northbound traffic that was on the east half of the highway. There was neither a flagman nor a warning sign south of and in close proximity of where the sweeper was in use to warn of the sweeper's presence on the north slope.

The evidence is clearly sufficient to support a finding that the dust was in such volume as to obscure the highway and hide the sweeper and tractor from the view of the occupants of the automobile; and it unquestionably establishes the lack of a flagman or warning signal nearby to give notice of the presence of the sweeper and tractor. The evidence additionally establishes: 1) that the automobile had to travel the east side of the highway to the brow of the hill; 2) that the dust set in quite near the brow of the hill; 3) that the tractor and sweeper were travelling at a speed of only four to six miles per hour; 4) that the sweeper was appreciably wider than an ordinary motor vehicle. On the whole, therefore, we entertain no serious doubt that the evidence presents fact issues with reference to the questions mentioned earlier. We do not agree with appellants' contention that neither a flagman nor a warning signal would have added anything to the notice and warning which the dust itself gave and that therefore, and as a matter of law, the failure to have one or the other present was neither negligence nor a proximate cause of the collision.

It is improbable that counsel for appellants have consciously intended to urge that the order overruling the pleas of privilege should be set aside because of claimed contributory negligence on the part of Mrs. McDonald, but some of their argument tends in that direction. In any event, it is settled that, in a case of this kind, contributory negligence does not affect the venue. John F. Buckner & Sons v. Allen, Tex.Civ. App., 272 S.W.2d 929, 933; Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476.

Allegations of negligence other than those to which we have referred are contained in the plaintiffs' petition, but we have not considered the sufficiency of the evidence in relation to them, and this opinion should not be construed as an implied ruling on the evidence as applied to them.

The judgment of the trial court is affirmed.