**PAN AMERICAN PETROLEUM COR-PORATION, Appellant,**

v.

**Lloyd Russell VINES, Appellee.**

**No. 4683.**

Court of Civil Appeals of Texas.

Waco.

Dec. 14, 1967.

Rehearing Denied Jan. 11, 1968.

Dean J. Capp, K. M. Nolen, Houston, Strasburger, Price, Kelton, Martin & Unis, Leo J. Hoffman, Dallas, for appellant.

Wynne & Wynne, B. J. Wynne, Wills Point, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from a judgment overruling its plea of privilege.

Plaintiff Vines sued defendant Pan American Petroleum Corporation in Van Zandt County, seeking a declaration of the rights of the parties with respect to plaintiff's mineral interest under a natural gas division order.

Defendant filed its plea of privilege to be sued in Dallas County, the county of its residence. Plaintiff controverted, contending venue in Van Zandt County by virtue of Subdivisions 5, 23 and 27 of Article 1995 Vernon's Ann.Tex.Civ.St.

After hearing before the court without a jury, the trial court overruled the plea of privilege.

Defendant appeals on 4 points, contending the trial court erred in concluding that venue lies in Van Zandt County under Subdivisions 5, 23 or 27 of Article 1995.

Subdivision 23, Article 1995 provides, among other things, that suits against a private corporation may be brought in the county in which plaintiff resided at the time the cause of action, or part thereof, arose, provided such corporation has an agency or representative in such county.

Subdivision 27, Article 1995, provides among other things that foreign corporations may be sued in any county where the cause of action, or a part thereof, accrued, or in any county where such company may have an agency or representative.

The uncontradicted evidence is that plaintiff Vines resided in Van Zandt County; that defendant Pan American is a foreign corporation; that Billy J. French, who resided in Van Zandt County, was an agent or representative of defendant, and was in charge of all operations of defendant in Van Zandt County, including the producing of wells, the keeping of records, and in charge of defendant's processing plant in Van Zandt County; and empowered to fire other employees.

Defendant asserts French is not such an agent or representative in Van Zandt County within the meaning of Subdivisions 23 or 27, and contends French is an ordinary employee of defendant, acting exclusively as a plant foreman and concerned only with the mechanical operation of the company's plant and the keeping of operating records.

The Supreme Court in Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194, construes what is an agent or representative under Articles 23 and 27 for venue purposes as follows:

"Rather, in our opinion, the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.'"

We think French was an agency or representative of defendant within the meaning of Subdivisions 23 and 27. French's position was permanent in its character, and the business operated by him was an extensive operation, valuable to defendant, and covered broad powers in carrying on defendant's business in Van Zandt County. We think the trial court justified in concluding the defendant was doing business in Van

Zandt County, and its operations were in charge of its agent and representative, French, who resided in Van Zandt County.

Defendant's points and contentions as applicable to Subdivisions 23 and 27, Article 1995, are overruled.

Affirmed.