**COTTON CONCENTRATION COMPANY, Inc., Appellant,**

**v.**

**A. LASSBERG & COMPANY et al., Appellees.**

**No. 4252.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 15, 1968.

Mills, Shirley & McMicken, Don M. Mills, Ballinger Mills, Galveston, Buford, Ryburn & Ford, Robert Burns, Dallas, for appellant.

Sheehy, Jones, Cureton, Westbrook & Lovelace, W. E. Cureton, Waco, for appellees.

COLLINGS, Justice.

This appeal is from orders of the District Court overruling pleas of privilege by the defendant, Cotton Concentration Company, Inc., to be sued in Galveston County, the place of its domicile and residence. Suits were filed in the District Court of Dallas County by plaintiffs, A. Lassberg and Company, a Texas Corporation, with domicile in Travis County, Toyo Cotton Company and H. Molson & Company, Inc., both Texas corporations with residence in Dallas County, seeking declaratory judgments decreeing that the plaintiffs do not owe defendants storage for the time their cotton was stored in defendant's warehouse during a strike after plaintiffs had ordered the cotton out of the warehouse. The three cases were consolidated for the purpose of passing upon the pleas of privilege. After a hearing such pleas were overruled and Cotton Concentration Company, Inc., has appealed.

The pleas of privilege by appellant in each of the three cases asserted (1) that appellant was not at any time material a resident of Dallas County, but was a resident of Galveston County; (2) that the cause of action involved was based upon a contract in writing to be performed in Galveston County; (3) and that no exception exists to appellant's right to be sued in the county of its residence. It is undisputed that appellant was a corporation and a resident of Galveston County and was not a resident of Dallas County. The question on this appeal is whether the record shows that an exception exists to appellant's right to be sued in the county of its residence under the provisions of the venue statute.

Each of the appellees filed controverting affidavits claiming that venue was properly maintainable in Dallas County under the provisions of Section 23 of Article 1995, Vernon's Ann. Texas Civil Statutes. Appellees Toyo Cotton Company and H. Molson & Company, who were at all times material, residents of Dallas County rely upon that part of Section 23 which provides that suits against a private corporation may be brought "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, * * * has an agency or representative in such county". Appellee, A. Lassberg & Company, a resident of Travis County, relies upon that part of section 23 which provides that if a private corporation has no agency or representative in the county where the plaintiff resided at the time the cause of action or a part thereof arose, then "suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation—then had an agency or representative."

The record shows that appellant Cotton Concentration Company, Inc., is a Texas corporation with its residence and principal place of business in Galveston County, Texas, and is engaged as a public warehouseman serving the Port of Galveston area storing and handling bales of cotton. It is undisputed that appellee A. Lassberg & Company is a resident of Travis County and that appellees Toyo Cotton Company and H. Molson & Company are residents of Dallas County. Appellees as cotton merchants buying and selling cotton for many years have utilized the warehouse facilities of appellant in moving cotton to or through the Port of Galveston for

export shipment to world markets. Upon delivery of the cotton to appellant's warehouse, appellant issued its standard receipts therefor as follows:

No insurance is carried on this cotton by the undersigned and loss or damage by fire water or the elements is at the owner's risk.

"COTTON CONCENTRATION CO.
GALVESTON, TEXAS
Incorporated under the Laws of Texas

WHSE CODE NO.
858015

RECEIPT AND TAG
NUMBER

| Issued | Interior No. | Tare | Gross Wgt. | Density | Patch |
|--------|--------------|------|-----------|---------|-------|
|        |              |      |           |         |       |

Negotiable Warehouse Receipt for
one bale of cotton
described herein

Received at the Warehouse of the Undersigned at
Galveston, Texas, in apparent good condition

FROM
for storage and handling in the above
named warehouse. The undersigned is
not the owner of this bale, either
solely, jointly or in common with others
A lien on the bale is reserved for all
charges accrued and to accrue under the
tariff of the undersigned as published
from time to time and for all lawful

* Density
Shown by symbol
or figure in
density column
1.Flat
2.Std.
3.H.D.
7.Gin Std.

*Patches
Weight of Patches,
if any, are shown
in patch column.

claims for money advanced, interest,
transportation, labor and all other
charges and expense, the exact accrued
amount of which is not known at this
time.

Upon the surrender of this receipt and
payment of all charges and liabilities
due the undersigned, this bale of cotton
will be delivered to the bearer.

THIS BALE NOT GRADED BY THE WAREHOUSE ON REQUEST OF THE DEPOSITOR.

COTTON CONCENTRATION CO.

BY:_____

Warehouse No.   |  Receipt No.   |   G. S. S.   |   DO NOT FOLD, SPINDLE OR
MUTILATE."

All references herein to warehouse receipts mean receipts identical in form to that shown above.

In 1967, the appellant Cotton Concentration Company was involved in a labor dispute with its employees and a strike began on March 11, 1967 and extended through April 22, 1967. Prior to the commencement of this strike each had stored bales of cotton in appellant's warehouse in Galveston, and standard receipts therefor had been issued by appellant. During the course of the strike, pursuant to their respective regular business operations, each of the appellees ordered out of appellant's warehouse certain bales of cotton and either tendered the warehouse receipts and charges or followed the established and customary

course of business between the parties of sending the receipts in due course and being regularly billed for the charges by Cotton Concentration Company. Because of and during the strike by its employees, appellant was unable to make delivery of the cotton. Normally delivery would have been made immediately.

Each of the appellees alleged and proved that appellant, Cotton Concentration Company, continued to make warehouse storage charges for the cotton ordered out of storage which was impressed with involuntary storage solely because appellant could not perform its legal and contractual obligation as a public warehouseman during the strike. Mr. Wisler, a witness for Toyo Cotton Company testified to documented transactions showing the storage of certain designated bales of cotton prior to the commencement of the strike, the ordering of the cotton out of storage for shipment overseas pursuant to a sales contract, and that appellant notified Toyo Cotton Company that it could not make delivery because of the strike. Wisler identified the charges claimed by Cotton Concentration Company against Toyo Cotton Company for the period of involuntary storage due to the strike. It was stipulated that each of the other two appellees would produce testimony and records of similar transactions and charges.

■ Under the above undisputed facts concerning the residence of appellant in Galveston County, each of the appellees, who reside in Dallas County, were entitled to maintain venue in that county under subdivision 23 by establishing from a preponderance of the evidence that such appellees had causes of action against appellant, that they resided in Dallas County at the time such cause of action or a part thereof arose and that appellant then had an agency or representative in Dallas County. Texas Employers' Insurance Ass'n. v. Wagner 288 S.W.2d p. 882, (Ct.Tex.Civ.Apps., 1956). Appellee Lassberg, whose residence was in Travis County, had the added burden of showing that Dallas County was the county nearest Travis County at said time

in which appellant then had an agency or representative. It was stipulated that in the event it was established that appellant had an agency or representative in Dallas County that Dallas County was the nearest county to Travis County in which appellant then had such an agency or representative.

Appellant urges points contending that the court erred in overruling its pleas of privilege because appellees (1) have failed to prove that appellant, a corporation whose domicile is in Galveston County, had an agency or representative in Dallas County, (2) failed to prove that their cause of action or any part thereof arose in Dallas County, and (3) that the warehouse receipts issued by appellant constitute the contract involved herein and show that the obligations of appellant were wholly performable in Galveston County. These points are not well taken.

■ Appellees have proved a cause of action against appellant and appellant makes no contention to the contrary. Appellant had an obligation to deliver the cotton on demand both under the written contract as evidence by its standard warehouse receipt and under the Texas Uniform Commercial Code, Section 7.403. The appellees who resided in Dallas County do not contend and were not required to prove that their cause of action or a part thereof arose in Dallas County, but only that they resided in Dallas County at the time such cause of action or a part thereof arose and that appellant had an agency or representative in Dallas County. Texas Employers' Insurance Ass'n. v. Wagner, supra. It is not material that appellant's obligation under its warehouse receipts to deliver the cotton to the bearer thereof was wholly performable in Galveston County. Subdivision 5 of Article 1995, V.A.T.C.S. is permissive, not mandatory. Appellees could have maintained their suits in Galveston County where Subdivision 5, but were also entitled to sue appellant in Dallas County under Subdivision 23 if they established the venue facts required under that subdivision.

Continental Transfer & Storage Company v. Gee, 285 S.W.2d 892 (CCA, Tex.Civ. App., 1955), and cases cited therein. Appellant's 2nd and 3rd points are therefore overruled.

The real issue here involved is whether appellant Cotton Concentration Company, had an agency or representative in Dallas County as contemplated by Section 23 of Article 1995. The evidence shows that appellant did have such an agency in Dallas County. The Cotton Exchange Building in Dallas County is an office building occupied primarily by cotton merchants engaged in buying and selling cotton, who are customers or potential customers of appellant. It is undisputed that for more than thirty-eight years appellant has leased an office in the Cotton Exchange Building in Dallas. Its office is listed in the building directory and in the telephone directory in the name of appellant, Cotton Concentration Company, Inc. The evidence further shows that appellant has maintained William Brown, a salaried member of its staff, in its Dallas office where he has been accessible to look after its business in the Dallas area. It is and has been the duty of Mr. Brown to look after appellant's business interest in the Dallas area, particularly in its business dealings with the cotton merchants in the Cotton Exchange Building. Brown was authorized to and did solicit business on appellant's behalf and represented appellant in handling business problems that arose in dealings between the cotton merchants in the area and appellant's warehouse in Galveston. Such problems would be brought to Brown so that he, or he and appellant, could resolve the problems and expedite the handling of cotton warehouse receipts and other documents involving business transactions concerning the purchase, sale, storage and movement of cotton in which the Dallas area cotton merchants were involved. The business problems principally involved were problems of warehouse charges, liens on cotton and on cotton receipts which were being regularly used as collateral by merchants in loans from commercial banks.

Appellant sought to accommodate and assist its customers in their regular course of business of buying cotton, borrowing money for such purpose and executing collateral documents, delivering warehouse receipts as collateral, making sales, delivering warehouse receipts for this purpose and ordering cotton out of the warehouse on sales made both within the United States and for export. Brown maintained in his officer in Dallas regular business files including correspondence, records and warehouse receipts when delivered to him, and other business records which came through his office. Possession of warehouse receipts by Brown was regarded by appellant as its own possession.

▪ These activities, duties and responsibilities on the part of Brown in Dallas County constitute an agency of appellant in Dallas County as contemplated by Sec. 23 of Article 1995. The facts in evidence show the existence of a situation in which the business of appellant, in a regular and permanent form, is actually conducted in Dallas County. Brown was in a real sense appellant's agent maintaining appellant's business agency in the Cotton Exchange Building in Dallas, Dallas County, Texas. In Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194, (Sup.Ct.1952) our Supreme Court in discussing the terms "agency" or "representative" as used in Section 23 stated as follows:

"* * * the statute refers to a situation in which the business of the defendants is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.'"

Appellant contends that an agency cannot exist without the power to contract for the principal. We do not understand this to be the rule laid down by our Supreme Court in the above cited case. It was indicated therein that the power to contract

for the principal and the regular use of such power is one of the strongest indications that the principal is doing business in the county. It was also indicated however that the exercise of other business activities of a defendant in a more or less permanent form in the county also comes within the meaning of the statute.

Appellant's points are overruled and the judgment is affirmed.