**J. WEINGARTEN, INC., Appellant,**

v.

**Ted HEATHERLY, Appellee.**

**No. 335.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1970.

V. W. McLeod, McLeod, Alexander, Powel & Apffel, Galveston, for appellant.

Wiley Thomas, Thomas & Stewart, Angleton, for appellee.

BARRON, Justice.

This is an appeal from an order of the District Court of Brazoria County overruling a plea of privilege filed by the defendant, J. Weingarten, Inc. Plaintiff, Ted Heatherly, filed suit alleging that on or about November 11, 1968, he was injured while working in the course of his employment for J. Weingarten, Inc. in defendant's store located in Texas City, Galveston County, Texas. He further alleged that he was a resident of Brazoria County, Texas and that the defendant was a corporation with an agent or representative in Brazoria County. Heatherly alleged that his injuries were caused by the negligence of J. Weingarten, Inc. and that such negligence was a proximate cause thereof.

It is uncontradicted that Ted Heatherly was an employee of J. Weingarten, Inc. on November 11, 1968, and that he was working in the store as an employee at the time of his alleged injury. It is further uncontradicted that Heatherly was a resident of Brazoria County at all times material to this suit. The evidence shows that while cutting a piece of meat on an electric band-type saw he was injured when a piece of meat "jumped" and pulled his hand into the moving blade of the saw. The evidence further shows that defendant furnished him an electric saw which was not equipped with a protective guard, and failed to furnish him a "back-up" to use while cutting the piece of meat in question. A back-up is an object placed in back of the meat which is being cut on the saw, and may be either another piece of meat, a block of wood or some similar object. Heatherly testified that he usually used another piece of meat for a back-up, but at that time there was no other meat available in the store. Nevertheless, we believe the evidence is sufficient to show that there was nothing else available at the time which he could have used as a back-up. He also testified that this machine had a guard rail on which a guard could be used, but that there was no hand guard available and that he had asked about the guard on at least two occasions. The market manager stated that he did not know where the hand guard was but that "Bob may have thrown them away. I haven't seen them."

Heatherly further testified that he was familiar with the defendant's safety regulations and that the rules specified that meat cutters operating a meat saw would use a guard when the meat became so close to the blade as to be unsafe. It was shown that plaintiff's hand was badly cut on the occasion in question, and that he thereby suffered personal injury.

Defendant operated three stores in Brazoria County at the time of the alleged injury, each of which had managers who worked for defendant in such county. The principal offices of Weingarten are situat-ed in Harris County, Texas, and defendant was a private corporation existing under the laws of the State of Texas on November 11, 1968. All of the store managers for Weingarten had the authority to hire employees for the stores they managed; had the right to and did supervise the work of the employees working in such stores; supervised the purchase or acquisition of merchandise for the store which the particular person managed; supervised customer relations (such as handling and settling complaints) and supervised the investigation of accidents occurring in connection with the operation of the store.

Defendant was a non-subscriber as provided by the terms of the Workmen's Compensation laws, though it had in its employment more than three employees working in the store involved and many more at other places.

█ Plaintiff-appellee relies upon Subdivision 23, Article 1995, V.A.T.S. to maintain venue in Brazoria County, Texas. The statute provides that "Suits against a private corporation, association, or joint stock company may be brought * * * in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; * * *." To show venue it is necessary to establish by a preponderance of the evidence that (1) the plaintiff has a cause of action, (2) that plaintiff resided in the county when the claim or a part thereof arose, and (3) that the defendant corporation "has" an agent or representative in the county, presumably either when suit was filed or at the time of the hearing. See McDonald, Texas Civil Practice, Vol. 1, Sec. 430.3, pp. 523–524.

█ We believe that plaintiff has proven all necessary venue facts. The facts above show a cause of action against defendant. Contributory negligence and similar defenses do not affect venue. Camp-

bell, General Contractors, Inc. v. McDonald, 347 S.W.2d 781 (Tex.Civ.App.), no writ hist. Moreover, defenses such as contributory negligence, negligence of a fellow employee and assumed risk are not available to defendant in a non-subscriber case. Art. 8306, Sec. 1, V.A.T.S. Fact questions were resolved by the trial court in favor of plaintiff. While "agency" or "representative" does not mean "servant" or "employee" (see Texas Power & Light Company v. Adamson, 203 S.W.2d 275, (Tex.Civ.App.), no writ hist.), we believe the three store managers operating the defendant's stores with powers shown above in Brazoria County are agents or representatives of defendant under this exception. Humble Oil & Refining Co. v. Hamer, 167 S.W.2d 272 (Tex.Civ.App.), no writ hist.; Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194, 198; Cotton Concentration Co. v. A. Lassberg & Co., 433 S.W.2d 736, 740 (Tex.Civ.App.), no writ hist.; Pan American Petroleum Corporation v. Vines, 422 S.W.2d 764 (Tex. Civ.App.), writ dismd. It is apparent that store managers in Brazoria County employed by Weingarten have broader powers and materially more authority than those employees in such cases as Ideal Baking Co. v. Boyd, 417 S.W.2d 613 (Tex.Civ. App.), no writ hist., and such cases are distinguishable.

Defendant further contends that since the accident happened in Galveston County this case should be transferred to such county, because plaintiff relies on the provisions of the Workmen's Compensation Act. We hold that this is not a workmen's compensation suit, and the venue provisions of such Act are not applicable.

Defendant's points of error are each overruled. The order of the trial court is supported by the pleadings and the evidence.

Affirmed.