**MID–CONTINENT LIFE INSURANCE COMPANY, Appellant,**

v.

**Mrs. Donna Mae HUSTON et al., Appellees.**

**No. 15918.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 1, 1972.

Rehearing Denied June 29, 1972.

**944**

Perry O. Barber, Jr., J. Donald Bowen, Houston, Baker & Botts, Houston, of counsel, for appellant.

Brown, Kronzer, Abraham, Watkins & Steely, Houston, W. James Kronzer, John B. Murphrey, Houston, of counsel, for appellees.

PEDEN, Justice.

Venue matter. Appellees brought suit in Harris County, Texas, under the Oklahoma wrongful death statute to recover damages as a result of the death of Mr. Huston in an Oklahoma aircraft accident. Defendant Mid-Continent, an Oklahoma corporation, filed a plea of privilege to be sued in Potter County, Texas. After a hearing the trial court sustained the plaintiffs' controverting plea, which asserted that under Subdivision 27 of Article 1995, Vernon's Ann.Civil Statutes, venue was proper in Harris County.

The pertinent provision of Subd. 27 is that "Foreign corporations . . . may be sued . . . in any county where such company may have an agency or representative . . ."

Mid-Continent's point of error on appeal is that the trial court erred in overruling the plea of privilege in reliance on Subd. 27 because there was no proof that Mid-Continent had an agency or representative in Harris County, the county of suit. Under this no evidence point we discard all adverse evidence and give credit to all evidence that is favorable to the successful party, and indulge every reasonable conclusion favorable to appellees. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

The facts are undisputed. Mid-Continent is an Oklahoma corporation authorized to do business in Texas. It has been doing business in Texas at all times material to this venue proceeding.

The parties agree that authorities interpreting the term "agency or representative" under Subd. 23 are applicable to Subd. 27 since there is no distinction between the term's use in the two subdivisions.

In Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194 (1952), the Texas Supreme Court in ruling on a Subd. 23 case held:

". . . in our opinion, the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.'"

Marion Tindall is the man whom the appellees contend was and is an agent or representative of Mid-Continent in Harris County. They offered in evidence parts of his deposition and all of the deposition of Delos H. Yancey, Jr., of Oklahoma City, the vice president and college director of Mid-Continent. He testified that he supervises a group of salesmen who market the college plan, a program directed toward college students. He hires some agents, "but mostly I hire our managers, our general agents." Marion Tindall is one of his general agents in Houston, Texas. Tindall

has about six men in his Houston office; they are called career agents, and Tindall has an associate general agent in Austin and another in San Antonio. Yancey said Tindall's title is general agent, but he used the term "manager" because he thought it would help the attorney to understand the relationship better. The company looks to him for supervision over the career agents in the Houston area and expects him to devote his entire time to developing Mid-Continent's agency. He recommends career agents to the company and the company has power to veto any it doesn't approve of. Tindall also has veto power over any career agents that Mid-Continent recommends to him. Mid-Continent expects the agent to use his own initiative in selecting a doctor to make the necessary physical examination if the client doesn't select one. When the agent submits an application for insurance, he sends in his recommendation.

The insurance policies are to be delivered to the newly-insured clients provided they are in good health and from their observation of the client, both the general agent and the career agent can make the decision as to whether the policy is to be returned to the company or delivered. The general agent provides an office at his own expense. He is responsible for conserving Mid-Continent's business. He represents the company in dealing with its policy-holders in the Houston area.

In his deposition Mr. Tindall testified that he is a general agent for Mid-Continent and writes a little bit of business through other companies. He was trained by Mid-Continent in Oklahoma City. He works purely on a commission basis, but has some fringe benefits such as group hospitalization and accident insurance.

He solicits purchasers of insurance. If they agree to buy it, he fills in a form and sends it to Mid-Continent. If the company approves it, a policy is issued and he receives a commission.

Mid-Continent pays his expenses to annual conventions. He lists himself in the Houston telephone directory as Mid-Continent Life, and he has done some advertising in which he used both his own name and Mid-Continent's.

There is no regional organization that supervises his work. He works directly under Mr. Yancey.

Appellant's position is that Tindall must have the power to contractually bind appellant before "agent or representative" is established, citing Texas Power & Light Co. v. Adamson, 203 S.W.2d 275 (Tex.Civ.App. —Texarkana 1947, no writ). That case held at page 276:

"It is sometimes difficult to distinguish between an agent or representative and a servant or employee. Anyone who does the slightest act for another might be the representative of such person for the performance of that limited service if we give the term its broadest meaning. In legal contemplation, however, 'representative' implies something more than that. It connotes the use of at least some discretionary authority; the taking the place of the principal and acting in the furtherance of his business; the power to bind the principal in a contractual sense. As used in the statute under consideration, we think the terms 'agency' and 'representative' are interchangeable. One of the distinguishing characteristics between an agent and a servant is discussed in the case of Talley v. Shasta Oil Company, Tex.Civ.App., 146 S.W.2d 802, 804, in an opinion by this court, from which we quote the following statement: 'Agency, properly speaking, relates to commercial or business transactions, while service deals with matters of manual or mechanical execution; and the essential distinction is that the agent is employed to establish contractual relations between his principal and third persons, while the servant is not.'"

However, that holding was discussed and modified in Milligan, supra, 250 S.W.2d at page 198:

"But, whether the Texarkana court be correct or not in its thesis that an agency cannot exist without the power to contract for the principal, such power and its regular use in the very name of the principal as the contracting party are certainly the strongest indication that the principal is doing business through an agency . . ."

In summary, the depositions and exhibits reflect that Tindall's responsibilities were to:

(1) Supervise the five or six men under him by guiding and helping them.

(2) Solicit and process applications for policies.

(3) Render to policy-holders of appellant all service incidental to the maintenance and care of appellant's business.

(4) Attend conventions at the home office in Oklahoma and other designated places.

(5) Recommend career agents for employment.

(6) Send weekly progress reports.

(7) Use his discretion in determining whether the health of a newly-insured client is such that the new policy should be delivered to him.

■ We conclude that these duties and reponsibilities establish Tindall's capacity as an agent or representative as contemplated in Subd. 27, and that appellee was not required to establish that Tindall had important powers to bind Mid-Continent contractually in order to maintain venue in Harris County, Texas. Pan American Petroleum Corp. v. Vines, 422 S.W.2d 764 (Tex.Civ.App.1967, writ dism.); Cotton Concentration Co. v. A. Lassberg, & Co., 433 S.W.2d 736 (Tex.Civ.App.1968, no

writ); J. Weingarten, Inc. v. Heatherly, 450 S.W.2d 693 (Tex.Civ.App.1970, no writ).

Affirmed.