**GIBRALTAR SAVINGS ASSOCIATION et al, Appellants,**

v.

**Robert Dennis TURNBOUGH, Appellees.**

**No. 17655.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1980.

Rehearing Denied Nov. 27, 1980.

Simms & Harpole, John W. Berkel, Hudgins, Hudgins, Sturm & Warrick, Donald Hudgins, Michael E. Warrick, Houston, for appellants.

Sullins & Johnston, Mike Johnston, Doherty, Vela, Poser, Sears & Collins, Larry Doherty, Houston, for appellee.

Before WARREN, PEDEN and EVANS, JJ.

WARREN, Justice.

Gibraltar Savings Association (Gibraltar) and Johnson Loggins, Inc. (Johnson-Loggins) appeal from an order denying their respective pleas of privilege to be sued in Harris County.

Robert Turnbough was injured while working as a carpenter in Ft. Bend County. United Pacific Insurance Company filed suit in Ft. Bend County to contest the award of the Industrial Accident Board. Turnbough, through his guardian, answered and filed a cross action against Gibraltar and Johnson-Loggins for damages, alleging a cause of action under art. 8306, Sec. 12g, V.A.C.S., Texas Workers' Compensation Act. This statute provides that when an employer directly or indirectly collects from his employee any premium to be paid for workers compensation insurance to be used to provide coverage for such employee, then in addition to workers' compensation benefits, the employee shall have a separate right of action to recover damages against the employer. This is a tort action rather than an action under the Workers' Compensation Act. *J. Weingarten, Inc. v. Heatherly*, 450 S.W.2d 693 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). A separate opinion regarding venue as to the suit for workers' compensation benefits is being filed.

No findings or facts or conclusions of law were filed, therefore it will be presumed that the trial court made all findings necessary to support its judgment and the judgment should be affirmed if there is any legal theory sufficiently raised by evidence with which the judgment may be supported. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). Further, the court must review evidence and inferences which support the trial court's findings and disregard evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1955); *Carter v. Sommerville and Son, Inc.*, 584 S.W.2d 274 (Tex. 1979).

The facts stated herein are recited using these above stated guidelines although some are subject to vigorous dispute.

In 1976 Gibraltar and Johnson-Loggins entered into a joint venture to develop a residential community in Ft. Bend County which is called Quail Run. Generally, Gibraltar was to furnish the money and John-son-Loggins was to effect the development.

Johnson-Loggins hired Ralph Koepf to supervise the development of the subdivision, and on January 1, 1978 a written agreement was entered into between Koepf and Gibraltar which purported to change the relationship of Koepf from an employee of Gibraltar to that of an independent contractor. For the ten years preceding the date of the written contracts, Koepf had been a salaried employee of Johnson-Loggins. Pursuant to his duties as supervisor of the project, Koepf hired John Aitkins to perform the carpentry work on the buildings to be erected. Johnson-Loggins was to pay Aitkins an agreed fee of which he was to be entitled to draw a portion after the completion of a certain amount of the work. Aitkins hired Turnbough to help with the carpentry. When Aitkins was entitled to a draw and it was approved by Koepf, Koepf would submit the invoice to Johnson-Loggins, who would prepare and forward a check to Aitkins. Aitkins would then cash the check and pay the carpenters their hourly wages in cash. From each "draw" check issued to Aitkins, Johnson-Loggins withheld 8% of the total. The checks indicated that the amount withheld was for insurance. Aitkins and Koepf testified that the 8% withheld was for Workers' Compensation Insurance.

On March 1, 1978, toward the end of the workday, Turnbough entered a temporary restroom called a "porta can". As a prank Aitkins fired a shotgun at the top of the porta can. Pellets from the blast struck Turnbough causing severe injuries.

Turnbough's suit alleges that Aitkins and Turnbough were employees of Quail Run Joint Venture, composed of Gibraltar and Johnson-Loggins, that Aitkins negligently shot and injured Turnbough, which occurrence arose out of and was connected with Aitkins' employment and that it happened at a time when Turnbough was in the course of scope of his employment. The petition further alleges that in violation of Section 12g, article 8306, V.A.C.S., Gibraltar and Johnson-Loggins were directly and indirectly withholding Workers' Compensation premiums from the paycheck of Turnbough.

■ In this tort action under Sec. 12g, the employer is liable for actual damages in addition to any amount to which he might be entitled under the Workers' Compensation Act, but the employer must be proved to be guilty of the negligence which proximately caused the injuries. *Big Mack Trucking Company v. Dickerson*, 482 S.W.2d 1 (Tex.Civ.App.—Houston [1st Dist.] 1972, rev'd on other grounds, 497 S.W.2d 283 [Tex.]).

Turnbough's controverting affidavit to the pleas of privilege filed by Johnson-Loggins and Gibraltar alleges that he is entitled to maintain venue in Ft. Bend County under the provision of Article 8307, Section 5 and under Subdivisions 4, 9 and 23 and 29a of art. 1995.

■ Art. 8307, Sec. 5, provides that any interested party who is not willing to abide by the final ruling and decision of the Industrial Accident Board may bring suit to set aside the award of the board in the county where the accident occurred or in the county where the injured party resided at the time the injury occurred. This statute applies only to an action brought to contest the award of the Board and does not encompass those actions which are brought under art. 8306, Sec. 12g. *J. Weingarten, Inc. v. Heatherly*, supra.

■ Subdivision 4, art. 1995 permits suit to be maintained in any county where one of the defendants resides if two or more defendants reside in different counties. Neither of the defendants resides in Ft. Bend County nor do Aitkins or Koepf, therefore venue may not be maintained under this section.

■ Subdivision 9, art. 1995 permits suit to be maintained in a county other than that of the defendants' residence if it is proved that: (1) the negligent act or omission occurred in that county; (2) that the act or omission was that of the tort feasor, in person, or that of a servant, agent or representative acting within the scope of his employment, and (3) the negligence was a proximate cause of plaintiff's injuries.

Assuming that (1) and (3) were proved and further assuming that Aitkins was an employee of appellants, appellee still had the burden of proving that Aitkins was acting within the scope of his employment when he fired the shotgun at the porta can. Aitkins testified that he brought the shotgun to work to kill snakes which were likely to be present in the weeds surrounding the building sites. There was no evidence that Koepf nor any other representative of Johnson-Loggins or Gibraltar knew of the gun. Even if the defendants condoned the presence of the shotgun to kill snakes, the prank would be a gross deviation from the intended use of the guns and from the performance of any duty Aitkins could conceivably owe to those defendants.

■ When a servant deviates but momentarily from the performance of the master's work in furtherance of his own affairs, he no longer works for the master and becomes solely responsible for that which occurs during his deviation. *Galveston, H. and S.A. Ry. Co. v. Currie,* 100 Tex. 136, 96 S.W. 1073 (Tex.1906); *Hein v. Harris County,* 557 S.W.2d 366 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.).

■ To sustain venue against a domestic corporation under Subdivision 23, art. 1995, it is necessary for the plaintiff to prove both a cause of action and that the corporation had an agent or representative in the county where suit was filed. *Vines v. Harry Newton, Inc.,* 445 S.W.2d 260, (Tex.Civ. App.—Houston [1st Dist.] 1969, writ dism'd). There is no proof to establish that either of the appellants or the joint venture composed of appellants had an agent or representative in Ft. Bend County, nor was there proof that Aitkins was acting in the scope of his employment when he fired the shot that injured Turnbough.

■ Finally, appellant urges that he is entitled to maintain venue under Subd. 29a, art. 1995. This section provides that if a suit is lawfully maintainable in a county as to any defendant under another section of art. 1995, then the suit may be maintained in the county against all necessary parties.

Since venue is not maintainable under another section of the statute, Subd. 29a is not applicable.

The order overruling defendants' pleas of privilege is reversed and the cause is ordered transferred to Harris County.