## W. B. SHARP v. DAMON MOUND OIL COMPANY.

Decided March 9, 1903.

**1.—Venue—Corporation—President as Representative.**

The president of a corporation having the power and authority usually incident to that position, who had no office other than in the county of his residence, and who performed all his official acts there, was its "representative" in the sense in which that term is used in the statute regulating the venue of suits against corporations, and a suit against the corporation could be brought in such county, though the domicile of the corporation was in another county. Rev. Stats., art. 1194, sec. 23.

**2.—Same—Private Understanding.**

The president's representative capacity was not affected by the fact that he was called on to perform but few official acts, nor by a private understanding that the other officers were to do all the work, where he was held out by its prospectus and stationery as its president.

Appeal from District Court of Jefferson. Tried below before Hon. J. D. Martin.

*L. A. Carleton,* for appellant.

*L. J. Wilson, D. W. Glasscock,* and *F. G. & R. C. Duff,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit upon a contract for boring a well in Brazoria County. The contract was verbal, and was made with appellant in Jefferson County by D. R. Beatty, president of the appellee company. Beatty lived in Jefferson County on December 13, 1901, and had resided there since January, 1901. This suit was filed in the District Court of Jefferson County on December 13, 1901.

Beatty is interested in several oil companies operating in Jefferson County, and has an office in the city of Beaumont. The Damon Mound Oil Company was chartered on the 4th of May, 1901. The charter authorizes the company to do business in Brazoria, Jefferson and a number of other counties in Texas, but fixes the principal office of the company at Alvin in Brazoria County. Beatty is named in the charter as one of the directors of the company, and his place of residence is stated to be at Beaumont, Jefferson County. Upon the organization of the company he was chosen as its president, and had continuously held that office up to the trial of this case in the court below. He accepted the office, however, with the understanding that he would not be required to do the work incident thereto. In the prospectus issued by the company and upon all of the stationery used by it since its organization Beatty is designated as president, and his place of residence stated to be in Jefferson County. The other officers of the company lived in Brazoria County. No office was provided by the company for the use

of Beatty in Jefferson County, and he was never by any formal resolution of the board of directors authorized to perform any official acts in that county. No business of any importance was ever done by the company, except the making of the contract with appellant and the boring of the well thereby contracted for in Brazoria County. It is not shown that the company had any offices or place of business for their officers in Brazoria County. The appellant conferred with Beatty in Beaumont at various times relative to the work of boring the well, and reported to and discussed with him the progress being made in such undertaking. The payments made appellant on his contract were made by Beatty at Beaumont by draft on the company, which was paid at Alvin.

The defendant in the court below filed a plea of privilege to be sued in the county of its domicile. Upon the facts before found the trial judge concluded, as a matter of law, "that while Beatty was in fact the president of the corporation and resided in Jefferson County, he was not within the meaning of the statute the representative of the company for the purpose of transacting business for the company in that county;" and the plea of privilege was sustained and plaintiff's suit dismissed.

Section 23, article 1194, of the Revised Statutes, is as follows: "Suits against any private corporation, association or joint stock company may be commenced in any county in which the cause of action or any part thereof arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated." We think it clear that the president of a corporation having the powers and authority usually incident to that office is a representative of the corporation in the sense in which that term is used in this statute. Such president might reside in one county and have his office and perform his duties as president in another, and in such case his residence would not fix the venue of suits against the corporation; but when, as in this case, the president of a corporation has no office other than in the county of his residence, and all of the official acts done by him are shown to have been performed in that county, he is the representative of the corporation in said county, and suits against the corporation may be brought there. The facts show that very little business of any kind was done by the defendant company, and its president was called upon to perform very few official acts, but this could not affect his official character as the executive head, the highest representative, of the company. Nor is his representative character at all affected by the private understanding had with the other members of the company that the other officers were to do the work of the company. He was in fact the president of the company, with all of the powers pertaining to said office, and all persons dealing with the company were so informed by the published prospectus, as well as by the indorsements upon all of the stationery used by the company, and notwithstanding the agreement that the other officers should do the work he, in fact, did perform

his duties as president, and performed them in Jefferson County. Railway Co. v. Texas & N. O. Railway Co., 64 S. W. Rep.; 692.

We are of opinion the plea of privilege is not sustained by the evidence, and that the judgment of the court below should be reversed and the cause remanded, with instructions to the lower court to overrule said plea, and it is so ordered.

*Reversed and remanded.*