**Joe M. JOINER et al., Appellants,**

v.

**Harold STEPHENS, Appellee.**

No. 6137.

Court of Civil Appeals of Texas,
El Paso.

July 15, 1970.

James J. Crook, El Paso, for appellants.

Dudley R. Mann, El Paso, for appellee.

## OPINION

WARD, Justice.

This is a venue appeal from the order overruling appellants' pleas of privilege.

Plaintiff-appellee filed his suit in El Paso County for breach of contract to pay for his services as general manager and head coach of a professional football team known as the El Paso Jets. There is no statement of facts and no findings of fact or conclusions of law, either separately or in the order overruling the pleas of privilege. In their brief, appellants trace all the proceedings of the controversy in the trial court. This is not challenged by the appellee except in certain particulars,

which are borne out by the transcript. Under Rule 419, we accept the statement by the appellants as true, except where so challenged by the appellee. Allied Finance Company v. Butaud, 350 S.W.2d 958 (Tex.Civ.App., Beaumont 1961).

Appellee filed his suit in cause number 133,355 in El Paso County in August, 1969. Appellants filed their pleas of privilege to be sued in Grayson County, to which the appellee filed his controverting affidavit. On November 10, 1969, an order of dismissal of the suit was entered at plaintiff's cost and without prejudice. In January, 1970, in cause 135,166 in the same district court of El Paso, a new suit was filed by the appellee against the identical parties to the previous suit, the new suit being identical to the previous one. Again the appellants filed their pleas of privilege to be sued in Grayson County, and additionally urged that the former action of dismissal had become res judicata to the hearing of the matter. Controverting affidavit, similar to the one previously filed, was again timely filed in this present case. After hearing, the trial court overruled this plea of privilege, and this appeal resulted.

▪ The parties have argued as to whether or not the controverting affidavit of the appellee in the former case was timely filed. We assume it was; but, regardless, the law in this state is well established to cover any contingency with which we could be concerned. What has been termed res judicata applies in the following situations: (1) where the plea was controverted, a venue hearing commenced, and before the court ruled, the plaintiff took a non-suit; (2) where the plea was controverted, but the plaintiff took a non-suit before the venue hearing was commenced; (3) where the plea was not controverted and plaintiff took a non-suit after the time for controverting it had expired; (4) where the plea was not controverted, and plaintiff took a non-suit before the time for controverting it had expired. McDonald Texas Civil Practice, Vol. 1, p. 630. Leading cases are First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 67 S.W.2d 215 (1933); Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222 (1943). Identical facts as are before us were presented in Robinson Truck Lines v. Kerksey, 219 S.W.2d 844 (Tex.Civ.App., Austin 1949). See also Slack v. Allen Military Academy, 289 S.W.2d 783 (Tex.Civ. App., Waco 1956, wr. dis'm.). It is not, strictly speaking, a matter of res judicata in the situations presented above, but the rule is based on the policy that defendants are not to be subjected to repeated expense of pressing venue claims in successive actions by a plaintiff who, through abuse of the privilege of non-suit, prevents a final adjudication upon the question. Southwestern Investment Company v. Gibson, 372 S.W.2d 754 (Tex.Civ.App., Ft. Worth 1963).

▪ The appellee presents an ingenious argument to the effect that no non-suit was taken as provided under Rule 164, as no motion for, or announcement of, non-suit was made, but that he secured the court's order under Rule 163 and obtained a dismissal as to both appellants who had been served. Regardless of what it is called, a dismissal order was secured by the appellee at his cost and without prejudice to re-file. The same rules above stated apply.

The judgment of the trial court is reversed, and judgment is rendered ordering that appellee's case against both appellants be transferred to the District Court of Grayson County, Texas.