**DELHI GAS PIPELINE CORPORATION, Appellant,**

v.

**James L. LAMB, Jr. et al., Appellees.**

**No. 7026.**

Court of Civil Appeals of Texas, El Paso.

Dec. 10, 1980.

Rehearing Denied Jan. 14, 1981.

David B. McCall, Dallas, Raymond R. Johnson, Sulphur Springs, for appellant.

Kerr, Fitz-Gerald & Kerr, William Monroe Kerr, Harris E. Kerr, William E. Ward, Midland, Don C. Plattsmier, Fort Worth, for appellees.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

In this venue case, the plea of privilege was overruled, and questions are presented as to the sufficiency of the proof of an agency or representative in the county of suit, and the additional question of waiver. We affirm the judgment of the trial Court.

Plaintiffs sued Defendant Delhi in Midland County, alleging damages for breach of a "take or pay" gas purchase contract, and seeking a declaratory judgment as to the construction of such contract. It was stipulated that Appellant is a foreign corporation authorized to do business in Texas, and it asserted its privilege to be sued in its home county of Dallas. Appellees sought to maintain venue in Midland County under Subdivisions 23 and 27 of Article 1995, Tex. Rev.Civ.Stat.Ann. In our consideration of the case, it is not necessary to distinguish between Subdivisions 23 and 27 because the issue has been narrowed to a question common to both; that is, whether or not at the time involved Delhi maintained an agency or representative in Midland County within the meaning of such subdivisions.

The trial Court filed findings of fact and conclusions of law, and found as a fact that Delhi had an agency or representative in Midland County on June 26, 1979, the date the Plaintiff's Original Petition was filed, and for a substantial length of time prior thereto and thereafter. Appellant Delhi, by its points of error one and two, attacks that finding on the grounds of "no evidence" and "insufficient evidence."

At the times pertinent here, Delhi maintained an office in Midland County staffed by Jerry Langdon, with the title of "Manager of Gas Contracts" or "Manager of Natural Gas Supply," and a secretary. The Supreme Court has spoken as to the meaning of "agency or representative," as used in Subdivision 23, in the case of *Milligan v. Southern Express*, 151 Tex. 315, 250 S.W.2d 194 (1952):

[I]n our opinion, the statute refers to a situation in which the business of the

defendant is, in more or less regular and permanent form, actually conducted in the county of suit, or one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.'

Numerous courts of civil appeals opinions serve to further explain the meaning of "agency or representative" as used in the venue statute. In *Rouse v. Shell Oil Company*, 577 S.W.2d 787 (Tex.Civ.App.—1979, writ dism'd), the Corpus Christi Court said:

As a general rule, an 'agency or representative' within the meaning of Subdivision 27 must be more than a mere servant. His duties and obligations must relate to commercial or business transactions having something to do with the corporate affairs of the principal, and must be more than matters of manual or mechanical execution. The term connotes some discretionary power conferred upon the employee.

After citing numerous authorities, including *Milligan*, supra, the Court then said:

In other words, in the situation of 'agency,' the agent actually conducts the business of the defendant in the county of suit; while in the situation of 'representative,' the representative possessing broad powers granted by the defendant resides for corporation purposes in the county of suit.

It was then held that an employee of an oil producer who performed his duties from his office located in Colorado County, and who was not shown to have regularly performed duties in Lavaca County, was not an "agency or representative" in Lavaca County for purposes of establishing venue in that county. Appellant places reliance on *Colorado Interstate Gas Company v. Mapco, Inc.*, 570 S.W.2d 164 (Tex.Civ.App.—Amarillo 1978, no writ). It was there held that, although defendant pipeline company did business in the county of suit, with facilities there representing an investment in excess of $31,-000,000.00 and employed more than 149 employees and at least 14 supervisors, agency or representative for venue purposes was not established. In that case, however, the Court found that there was no direct evidence that any supervisor had discretionary power to contract or otherwise bring about a business relationship between the pipeline company and third parties, and that no employee in the county was shown to have been vested with the requisite discretionary power so as to be an agent or representative for venue purposes. The case stands for the proposition that the "agency or representative" requirement is not satisfied merely because the defendant corporation "does business" in the county where the suit is filed; the opinion is based on a lack of pleading and proof; we do not take the case to stand for the proposition that it must be established that the agent or representative had the power to bind the defendant contractually in order to maintain venue in the county of suit. We believe the law to be to the contrary, as enunciated in *Mid-Continent Life Insurance Company v. Huston*, 481 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n. r. e.), and in *Cotton Concentration Company v. A. Lassberg & Company*, 433 S.W.2d 736 (Tex.Civ.App.—Eastland 1968, no writ). Within the meaning of Subdivisions 23 and 27, agency can exist without the power to bind the principal contractually.

Appellant Delhi is in the business of buying natural gas, and in the large area of West Texas designated as Jerry Langdon's territory, he is responsible for finding producers with gas for sale. In selecting these potential sellers, he "weeds out" and selects good wells. He testified: "Typically, I would make some judgmental decision on my part about the possible feasibility of connecting the well, based upon evidence given to me by the producer. And then I would contact that producer again, and request well data that we could submit for evaluation in Dallas." He testified that if the economic evaluation came back positively, he would contact the producer and tell him of their interest in the well and submit an offer to him, and if the offer came back with requested changes, and those changes were not fundamental to the contract, in his judgment, that he would make them him-

self. He estimated that he contacted 150 or more such producers during the thirteen months prior to the trial. He testified that the kind of changes he personally made were ones which would not require additional expenditure on the part of Delhi; that he could negotiate the price, and did, within a range set by the company: "I had a range—I could purchase the gas for anything below the price set forth . . .;" that he did, in fact, negotiate prices within the range by starting low and bidding up. The contracts were finally executed in the Dallas office, and Langdon testified that, "in his opinion," he did not have discretion to bind the company. There is other evidence which we will not detail but, in our opinion, it is ample to show that Langdon was more than a mere servant, and that his duties and business transactions on behalf of the corporation were something more than manual or mechanical in execution, and they called for the exercise of judgment and discretion to the extent that he was actually engaged in the conduct of business of the corporation. The evidence is sufficient to support the trial Court's finding.

Under well established rules for appellate review, that in "no evidence" points we look only to the evidence and inferences in support of the finding and disregard all others and that under the "factual sufficiency" of the evidence we review all of the evidence, both pro and con, we overrule Appellant's points of error one and two. *Banke v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953).

Subsequent to the filing of this suit in Midland County, and while this plea of privilege was pending, Appellees filed the identical suit in Reeves County, Texas. Appellant seeks to invoke the rule that a judgment of dismissal upon a voluntary nonsuit, after the filing of a plea of privilege, has the effect of fixing the venue of subsequent suits between the parties on the same cause of action to be in the county where the plea of privilege alleged it rightfully to be. *Helfer v. Texas Employers' Insurance Association*, 467 S.W.2d 687 (Tex.Civ.App.—San Antonio 1971, no writ); *Joiner v. Stephens*, 457 S.W.2d 351 (Tex.Civ.App.—El Paso

1970, no writ). The rule is not applicable here because Plaintiffs have not taken a nonsuit, but have actively sought and obtained a final judgment on the plea of privilege. We overrule the point of error.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.

WARD, J., not sitting.