**TRINITY INDUSTRIES, INC. and Mosher Steel Company–Texas, Appellants,**

v.

**Sandra RIVERA, Individually and as Representative of the Estate of Alberto Garcia and on behalf of Dora Garcia, Ramon Garcia and Bobby Garcia, Minors, and Rene Garcia, Johnny Garcia and Leonard Garcia, Appellee.**

No. 13–87–418–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 11, 1988.

Robert F. Begert, Joann N. Wilkins, Burford & Ryburn, Dallas, for appellants.

James B. Ragan, Corpus Christi, for appellee.

Before SEERDEN, BENAVIDES and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This appeal is from an order entered by the trial court "that the pleadings currently on file in this lawsuit shall be withdrawn." Costs were taxed against plaintiff (appellee in this Court).

We have determined we have no jurisdiction over this appeal.

The trial court's order was entered after a hearing on appellee's Motion for Leave to Withdraw Pleadings. In this motion, which is contained in the transcript, appellee requests permission to withdraw the original petition because it was filed in error. He states the petition should have been filed in Jim Wells County. Appellant opposed the motion to withdraw. At the hearing, appellee's lawyer conceded that the reason he wanted to "withdraw" the papers was because appellant had filed a motion to transfer the case to Dallas County. He indicated both Dallas and Jim Wells Counties were proper counties for venue, and expressed fear that if he took a non-suit in this case, it would establish venue in Dallas County on the basis of appellant's motion to transfer venue.

While appellee contends the court's order disposes of this case in Nueces County, there is nothing to indicate it is a final order or that it makes a final disposition of this case. If the order is not final, it is not reviewable by appeal. *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966).

Tex.R.Civ.P. 75 provides a procedure for the withdrawal of papers from the custody of the District Clerk for a limited period of time. While the procedures listed in this rule were not followed in this case, this is the only type of withdrawal referred to in the Texas Rules of Civil Procedure. We have been cited to no legal authority authorizing withdrawal of pleadings except for Rule 75. Likewise, we have found no other authority dealing with this subject. It is clear that a withdrawal of pleadings under Rule 75 is not a final order.

We hold the complained-of order is not a final disposition of this case.

Under our rules of civil procedure, a final order terminating a lawsuit may be accomplished by a judgment on the merits, a dismissal or a non-suit. *See* Tex.R.Civ.P. 162, 164, 300, 301. No such final order has been entered.

Since the trial court's order that the pleadings be withdrawn did not terminate the litigation in the trial court, this cause is still pending and we have no jurisdiction to entertain an appeal.

Therefore, the appeal is ordered DISMISSED FOR WANT OF JURISDICTION.