CONOCO, INC., Appellant,

v.

Javier RUIZ, Appellee.

No. 04–90–00402–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 25, 1991.

Rehearing Denied Sept. 25, 1991.

Second Rehearing Denied Nov. 4, 1991.

Darrell L. Barger, Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, Marina K. Pita, Conoco, Inc., Legal Dept., W. James Kronzer, Leslie C. Taylor, Law Offices of W. James Kronzer, Houston, for appellant.

Anthony F. Constant, Russell H. McMains, Kimberley Hall Seger, McMains & Constant, Corpus Christi, for appellee.

Before BUTTS, CARR and BISSETT,[1] JJ.

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

## ON APPELLANT'S AND APPELLEE'S MOTIONS FOR REHEARING

BISSETT, Justice (Assigned).

Both Conoco, Inc., appellant, and Javier Ruiz, appellee, have filed motions for rehearing in this case, wherein they point out that there are certain errors of fact set out in our original opinion, delivered and filed on July 31, 1991, and that there is some question as to whether this Court intended to sustain or overrule certain points of error presented by Conoco, Inc. in its brief. We withdraw our original opinion and substitute this opinion for the original opinion.

This is an appeal by Conoco, Inc. ("Conoco"), defendant in the trial court, from an order denying its motion to transfer venue to Harris County, Texas, and from the denial of its motions for summary judgment and directed verdict. We reverse and remand and order that the case be transferred to Harris County, Texas.

### BACKGROUND

Javier Ruiz (hereafter sometimes called "Ruiz") was severely injured in an oil field accident on January 24, 1984, while working on a well, owned by Conoco, and situated in Webb County. Ruiz and Ludin Ruiz, his wife, acting by and through their attorney, Mr. Larry Watts, Houston, filed suit in Harris County on January 13, 1986, against Cameron Iron Works, Inc. to recover damages as a result of personal injuries sustained by Ruiz in the accident. Conoco was later made a third-party defendant to the action. The suit was dismissed by the judge of the 113th District Court of Harris County on April 29, 1987, for "discovery abuse."

Prior to the above-noted dismissal, Mr. Watts, as the attorney for Mr. and Mrs. Ruiz, filed suit in Zapata County to recover damages for the personal injuries suffered by Ruiz in the accident. Cameron Iron Works, Inc., Conoco, and others were named as defendants in the suit. Conoco filed a motion to transfer venue of the

GOV'T CODE ANN. § 74.003 (Vernon 1989).

cause to Harris County on February 25, 1987. However, the court did not rule on the motion prior to the time when it dismissed the suit on April 21, 1987, for "lack of prosecution."

A motion to reinstate the suit previously dismissed in Harris County was filed by the law firm of McMains & Constant, Corpus Christi, the present attorneys for Ruiz, on July 14, 1988. The motion was denied on October 4, 1988, by the judge of the 113th District Court of Harris County, Texas.

On January 6, 1989, pursuant to a motion theretofore filed by Ludin Ruiz, the judge of County Court at Law No. 1 of Hidalgo County, after hearing, appointed Ludim Ruiz guardian of the person and estate of Javier Ruiz; however, the judgment, as recorded in the minutes of the court was not in accordance with the judgment signed on January 6, 1989; consequently, the former judgment was amended by a nunc pro tunc order signed on October 12, 1989. As a result, Javier Ruiz was adjudged to be incompetent, and was further found "to be incompetent since January 24, 1984."

The record does not show the date when the original petition was filed in Starr County, but it was filed before October 27, 1989, when Conoco filed its Motion to Transfer Venue from Starr County to Harris County. The first amended original petition was filed by Ruiz, on November 27, 1989, which recites: "JAVIER RUIZ brings this suit by his guardian, LUDIN RUIZ." The same recital appears in the second amended original petition, Ruiz's trial pleading, which was filed on December 12, 1989.

Conoco's Motion to Transfer Venue was denied by order signed by the Honorable Ricardo H. Garcia, judge of the 229th District Court of Starr County, Texas, dated February 22, 1989 (sic), and filed on February 23, 1990. Thereafter, Conoco filed a motion for summary judgment and orally moved for a directed verdict and an instructed verdict on the ground that the action brought by the guardian of Javier Ruiz was barred by the two-year statute of limitations. All such motions were denied.

The action brought by Ludin Ruiz to recover for damages suffered by her because of the accident was severed from the action to recover damages by her as guardian for her husband. At the close of the evidence, the trial judge of the 229th District Court of Starr County granted the guardian's motions for an instructed verdict, and awarded her, "as guardian of the estate of Javier Ruiz," the sum of $4,500,000 as damages, plus court costs. Final judgment was signed on June 5, 1990.

## THE APPEAL

Conoco complains of the denial of its motion to transfer venue from Starr County to Harris County in its first point of error. It also contends in its second, third, and fourth points of error that the trial court erred in denying its motions for summary judgment, directed verdict, and instructed verdict on the grounds that the suit brought by Ludin Ruiz, as guardian of the estate of Javier Ruiz, was barred by the two-year statute of limitations. We first consider the question of "limitations."

## THE LIMITATION ISSUE

The issue presented is:

Can the guardian's claim of incompetency of the ward toll the running of the statute of limitations in a suit brought by the guardian on behalf of the ward more than five years after the accident which rendered the ward incompetent as of the date of the accident, after the ward, and in his own name, had previously instituted two suits to recover damages for the same injury?

Limitations has run against the suit brought by Ludin Ruiz, as guardian of the estate of Javier Ruiz, unless some tolling provision applies. The Starr County suit, which alleged that Conoco negligently caused Ruiz's injuries, was filed more than five years after the accident. Clearly, absent tolling, the applicable two-year statute of limitations has run. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986).

The only defense by the guardian to Conoco's claim that the suit was barred by

limitations was the allegation that the injuries received by her husband on January 24, 1984, rendered him mentally incompetent as of the date of injury. It is claimed that this incompetency tolled the running of the statute.

The provision upon which the guardian relies is TEX.CIV.PRAC. & REM.CODE ANN. § 16.001 (Vernon Supp.1991), which in relevant part, reads:

(a) For the purposes of this subchapter, a person is under a legal disability if the person is:

\* \* \* \* \* \*

(2) of unsound mind.

\* \* \* \* \* \*

Only after the Harris County and Zapata suits were dismissed did anyone seek a judicial declaration that Javier Ruiz was of unsound mind.

■ The general purpose behind statutes of limitations is to insure that plaintiffs have access to the courts, but still protect defendants from liability for claims which have become stale. *Smith v. Erhard*, 715 S.W.2d 707, 708 (Tex.App.—Austin 1986, writ ref'd n.r.e.). The applicable disability provision found in section 16.001 also serves to further equitable treatment for litigants. That provision preserves causes of action for those who, because of mental incompetency, are unable to protect their legal right to sue. "The evident purpose ... is to suspend limitation with respect to persons who have no access to the courts." *Adler v. Beverly Hills Hospital*, 594 S.W.2d 153, 158 (Tex.Civ.App.—Dallas 1980, no writ).

■ Conoco contends that the statute of limitations had run at the time the guardian filed suit in Starr County. It relies primarily upon *Johnson v. McLean*, 630 S.W.2d 790 (Tex.App.—Houston [1st Dist.] 1982, no writ), which it argues is analogous to the case at bar. We disagree. The plaintiff in *Johnson* brought suit for legal malpractice, while in prison, against the attorney who represented him in a criminal suit. (During the period in which that case was tried, imprisonment was a statutory disability which would toll the statute of limitations for causes of action arising during imprisonment.) However, the plaintiff, Johnson, failed to exercise due diligence in acquiring service of process. The court held that his imprisonment, i.e. his disability, protected his cause of action *until* he filed suit during the disability. After filing suit, the protective provisions of article 5535 (now section 16.001, above-quoted) did not apply. The court of appeals, in *Johnson*, held:

[I]f a prisoner had actual opportunity to prosecute a civil suit, the statute of limitations is not tolled by art. 5535.

\* \* \* \* \* \*

Clearly, the purpose of art. 5535 is to protect a legally disabled party who has no access to the courts, and to insure that his right to bring suit will not be precluded by the running of a limitations statute prior to the removal of his disability.

*Johnson* is not in point. There, Johnson, the plaintiff, had access to the courts even though he was in prison. He was mentally competent at all times. The appellate court in that case addressed a narrow fact situation presented in which a prisoner who had the actual opportunity to prosecute a civil suit before his imprisonment affirmatively took on the role of a litigant *pro se* and, having undertaken to obtain service by compliance with the pauper's affidavit in lieu of costs, made himself liable to statutory requirements imposed on all litigants to proceed with due diligence. Here, Javier Ruiz, personally, had no such prior opportunity as was conclusively proved by the finding of incompetency. As a matter of fact and as a matter of law, Javier Ruiz has been mentally incompetent continuously since the date of the accident.

Conoco further relies on *McCain v. Swilley*, 354 S.W.2d 588 (Tex.Civ.App.—Eastland 1962), *rev'd on other grounds*, 374 S.W.2d 871 (Tex.1964), wherein the court says at page 591:

A lunatic has capacity to appear in court by an attorney.

There, it was held that a judgment in a prior trespass to try title case which divest-

ed title out of a lunatic was not void and was not subject to collateral attack in the instant trespass to try title suit brought by plaintiffs, who were claiming under a deed from the lunatic, when the lunatic had been served with citation in the prior case, and an attorney had been *appointed* in the prior case to represent him (the lunatic). The facts in *Swilley* are completely different from the facts in the present case. Therefore, *Swilley* is not authority for the claim by Conoco that Ruiz's claim is barred by the two-year statute of limitations.

Conoco also relies upon *Adler v. Beverly Hills Hospital,* 594 S.W.2d 153 (Tex.Civ. App.—Dallas 1980, no writ). In that case the court was faced with a situation in which a plaintiff lacked access to the courts for a period of time not because he lacked technical legal capacity to sue, but because, as a practical matter, he was unable to tend to his affairs. Adler, the plaintiff, had been confined in a mental hospital and forbidden access to a lawyer or the outside world until released. He sued more than two years after his release. Some defendants claimed that limitations had run because he had not sued within two years of the initial confinement. The court of appeals held that the plaintiff's confinement was a "disability" within article 5535 (the predecessor to section 16.001).

Conoco concludes in its brief:

The converse of the situation in *Adler* is presented in this case: Under the trial court's directed verdict, Ruiz was found to have been technically disabled since the date of the accident; but the undisputed fact is that, as a practical matter, he had full access to the courts during that disability. The disability had not prevented access to the courts. Ruiz had ample access to the courts of both Harris and Zapata counties. The concern over having access to the courts is inapplicable under these facts.

We do not agree with such conclusions. Ruiz was of unsound mind at all times subsequent to the date of the accident. The county court at law of Hidalgo County so found; that finding has not been attacked. Ruiz did not have access to the courts for the purpose of suing for damages sustained by him until a guardian was appointed for him. That was done less than two years prior to the filing of suit in Starr County. Ruiz's claim was not barred by limitations.

## THE VENUE ISSUE

There are two basic issues to be resolved in disposing of the venue issue. They are:

1. Whether venue has been fixed by either of the previous dismissals; and

2. Whether Conoco had a resident "agent" or "representative" in Starr County when the suit was filed.

## THE PRIOR DISMISSALS

Conoco contends that the conduct of Ruiz, his wife, Ludim Ruiz, and their attorney (Mr. Watts), 1) in permitting the suit in Harris County to be dismissed by the court for failure to comply with an order of the court, and 2) in permitting the suit in Zapata County to be dismissed for lack of prosecution, "was the substantial equivalent of an intentional dismissal because it was the grossly negligent conduct of presumably authorized counsel that caused the same result." Therefore, it argues that each dismissal fixed the venue in Harris County, Texas. We disagree.

Attached to Conoco's Motion to Transfer Venue were certified copies of various pleadings in the Zapata County case. Those documents revealed that Ruiz had filed a prior lawsuit against Conoco urging recovery for damages for the accident occurring on January 24, 1984. The certified records included a Motion to Transfer Venue filed by Conoco urging that the case was improperly filed in Zapata County and praying for transfer to Harris County.

■ A number of cases hold that when a plaintiff dismisses a case by non-suit while a Motion to Transfer Venue is pending, venue is fixed in the county prayed for in that motion. *Royal Petroleum Corp. v. McCallum,* 134 Tex. 543, 135 S.W.2d 958, 967 (1940); *Tempelmeyer v. Blackburn,* 141 Tex. 600, 175 S.W.2d 222 (1943); *Wilson v. Wilson,* 601 S.W.2d 104, 105 (Tex. Civ.App.—Dallas 1980, no writ); *Joiner v.*

*Stephens*, 457 S.W.2d 351, 352 (Tex.Civ. App.—El Paso 1970, no writ); *Picadilly Cafeteria v. Lee*, 301 S.W.2d 228, 233 (Tex. Civ.App.—Dallas 1957, no writ). Also, it has been held that plaintiffs faced with a valid Motion to Transfer Venue and seeking to set venue in another county have futilely sought to avoid the consequences of this rule by reclassifying their non-suit as a dismissal based on some other rule. *Trinity Indus., Inc. v. Rivera*, 745 S.W.2d 525, 526 (Tex.App.—Corpus Christi 1988, no writ); *Joiner v. Stephens*, 457 S.W.2d at 352.

The "venue fixing" policy continues to be applied even after a change of nomenclature from "plea of privilege" to "motion to transfer venue." *Hendrick Medical Center v. Howell*, 690 S.W.2d 42, 45 (Tex. App.—Dallas 1985, no writ).

█ Conoco further argues that the rule necessarily has to be that venue is fixed whenever a pending Motion to Transfer Venue remains pending when a cause of action is dismissed because, for whatever reason, the plaintiff has chosen not to pursue the claim in the challenged county; alternatively, it asserts that a dismissal for want of prosecution is a non-suit as that term is broadly applied to a variety of terminations which do not adjudicate the case on its merits, including those times when the plaintiff is in default in prosecuting the case or in complying with orders of the court.

The arguments made by Conoco fail for two reasons. *First,* there is no voluntary non-suit in the present litigation and the cases relied upon by Conoco were all rendered prior to the 1983 changes regarding venue, which abolished the plea of privilege and changed the burden of proof in venue contests. *Second,* a dismissal for discovery abuse or a dismissal for lack of prosecution is by its very nature an involuntary termination of the suit. The "venue-fixing" rule is inapplicable to this case.

## THE "AGENCY" OR "REPRESENTATIVE" ISSUE

Conoco alleged in its Motion to Transfer Venue that Starr County is not a proper county to try the case and that "no basis exists permitting or mandating venue in said county." It further alleged that "venue is proper in Harris County pursuant to Sections 15.036 and 15.037 of the Texas Civil Practice and Remedies Code."

The guardian of Ruiz, in her petition and in response to the Motion to Transfer Venue, relied solely on the allegation that Conoco had an "agency" or "representative" in Starr County. Conoco challenged that allegation by offering two affidavits attached to its motion. The first affidavit, of Mr. J.O. Connell, Corporate Secretary of Conoco, Inc., explained that:

> Conoco, Inc. does not currently have an agent or representative in Starr County, Texas, and did not have an agent or representative in said county at the time the alleged cause of action arose. Conoco, Inc. does have an agent or representative in Harris County, Texas, and its principal office is located in Harris County, Texas.

Also attached to the Motion to Transfer Venue was the affidavit of Mr. James W. Matthews, who was the Production Superintendent with Conoco's Production Division, whose office was located in Corpus Christi, Texas. This affidavit, in relevant part, stated:

> Conoco employs only five people on a permanent basis, and one person on a part time basis in Starr County, Texas. The titles of these individuals are Production Specialist (1) (prior to May 1, 1989, Production Technician), Production Foreman (1), Production Operator (2) (prior to May 1, 1989, Maintenance Operator), Lease Operator (1), and Systems Specialist (part-time) (prior to May 1, 1989, Systems Technician). *These employees handle manual or mechanical execution of tasks and do not have discretionary power in conducting corporate affairs. Furthermore, these employees do not have authority to enter into contracts that bind Conoco and third parties.* (Emphasis added).

The sole fact raised by Ruiz in support of venue in Starr County was the presence of a production foreman, Rock Hershell Wil-

kinson, who had authority to purchase needed supplies and materials up to $500. However, his deposition testimony offered by Ruiz to substantiate the contention of agency or representative reveals more limited authority than Ruiz suggests. Mr. Wilkinson indicated in his deposition that his decision to order supplies (under $500) is still subject to review by Conoco's superintendent, whose office is located in Corpus Christi, Texas, where the superintendent James W. Matthews lives. Furthermore, the authority of Wilkinson to order these supplies was limited to merely requesting that supplies be provided by certain vendors on an approved list, the composition of which is determined by management in Corpus Christi or Houston. Finally, Wilkinson testified that these requests for supplies are not offers to enter into independent contracts, but are simply requests to provide supplies and materials which had previously been contracted for by management personnel of Conoco in Corpus Christi or Houston. In other words, the contracts were not negotiated by Wilkinson in either Webb or Starr County.

Wilkinson, in his deposition, was asked about his authority "with regard to if there are certain kinds of things that you can just go fix on your own without asking anybody." He then stated that he had "authority limitations" which were in writing. A memorandum dated August 17, 1989, concerning such limitations from Conoco was attached as an exhibit to the deposition; Wilkinson was shown to be a distributee; the memorandum was dated August 17, 1989. It read:

SUBJECT: PRODUCTION FOREMAN AUTHORITY:

Effective immediately, production foremen are delegated final approval authority on invoices less than $500.00 for their respective areas. These invoices still require dual signatures (initials of person ordering or receiving and final signature approval by production foreman) and must be sent to your superintendent for review prior to payment. Invoices above $500 should continue to be sent directly to the Accounts Payable/Materials sections.

Perhaps the most cited and significant case discussing the meaning of "agency" and "representative" for purposes of applying the venue statute is *Milligan v. Southern Express, Inc.*, 151 Tex. 315, 250 S.W.2d 194 (1952). The language repeatedly quoted by Texas courts since the *Milligan* opinion is as follows:

[T]he statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, *or one in which a party possessing broad powers from the defendant resides in the county*, the one instance being that of "agency" and the other of "representative." (Emphasis added).

*Id.* 250 S.W.2d at 198.

*Milligan* clearly restricts the parameters of an "agency" determination to circumstances in which "agent" has broad powers or authority to do the company's business. "Agency" as defined in *Milligan* is more than merely doing business in a particular county. The ordering of supplies or materials in a particular county is not considered as creating an "agency" or "representative," unless the person ordering the same is clothed with *broad powers*.

The Texarkana Court, in *Allis–Chalmers Mfg. Co. v. Coplin*, 445 S.W.2d 627, 628 (Tex.Civ.App.—Texarkana 1969, no writ), stated that an "agency or representative in a county *must* be a person or entity authorized to bring about a business relationship between the principal and a third party...." (emphasis added). The court cited *Milligan* as the source of this rule.

In *South Texas Icee Corp. v. John E. Mitchell Co.*, 449 S.W.2d 786 (Tex.Civ.App.—Corpus Christi 1969, writ dism'd), the Corpus Christi Court required that an agent or representative be proven by proof of the situations set forth in the *Milligan* definitions. And, the court went further to give effect to the "authority" aspect of the *Milligan* opinion and added that the term agency or representative refers to more than a mere servant and connotes that the principal must confer some *discretionary power* upon the employee.

The Tyler Court of Appeals has followed *South Texas Icee* and required that *discretionary power* be conferred upon the employee *along* with the *power* to bind the principal contractually with a third party. *See General Motors Corp. v. Brady*, 477 S.W.2d 385, 391 (Tex.Civ.App.—Tyler 1972, no writ). Thus, this "discretionary power" test combined with the power to bind the principal contractually with a third party has become the test followed by several other Texas Courts of Appeals in order to establish agency or representative. *See Champlin Petroleum Co. v. Heinz*, 665 S.W.2d 544, 546–47 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (two employees hired as gaugers had no management discretion or authority to conduct business with third parties on behalf of defendant oil producer); *Colorado Interstate Gas Co. v. MAPCO, Inc.*, 570 S.W.2d 164, 170 (Tex.Civ.App.—Amarillo 1978, no writ) (employees with titles of district superintendent, field superintendent, and area superintendent are not agents or representatives because they lacked discretionary power to contract or otherwise bind corporation); *Amoco Prod. Co. v. Mayer*, 540 S.W.2d 353, 356 (Tex.Civ.App.—Beaumont 1976, writ dism'd) (no evidence proving any personnel had discretionary power or was more than mere employee or servant).

On the other hand, some Texas Courts of Appeals have held that the existence of a corporate agency or representative in the county of suit is proven by evidence of activities, duties, and responsibilities sufficient to establish either 1) that the business of the corporate defendant, in a regular and permanent form, is actually conducted in the county of suit, *or* 2) that the principal is doing business in the county through an agent who possesses the power to contract for the principal and regularly uses such power on behalf of his principal. *See Cotton Concentration Co. v. A. Lassberg & Co.*, 433 S.W.2d 736, 739–40 (Tex.Civ.App.—Eastland 1968, no writ); *Pan American Petroleum Corp. v. Vines*, 422 S.W.2d 764–65 (Tex.Civ.App.—Waco 1967, writ dism'd).

Some courts apparently hold that no requirement exists to prove that the corporate agent or representative has the power to bind the corporation contractually to maintain venue in the county of suit. *E.g. Mid–Continent Life Ins. Co. v. Huston*, 481 S.W.2d 943, 946 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ dism'd); *Delhi Gas Pipeline Corp. v. Lamb*, 610 S.W.2d 210 (Tex.Civ.App.—El Paso 1980, writ dism'd). They suggest that agency, within the meaning of venue statutes, can exist without the power to bind the principal contractually. However, these courts do require proof that the agent is "more than a mere servant," and that his duties and business transactions on behalf of the corporation are "more than manual or mechanical in execution and call for the exercise of judgment and discretion to the extent that he is actually engaged in the conduct of the business of the corporation."

In summary, it is established in the case at bar: Conoco's principal office is situated in Harris County; it was the owner of oil and/or gas wells in Webb County; Javier Ruiz, a resident of Hidalgo County, was injured in an oil field accident in Webb County, while working on a well owned by Conoco and located in that county; Wilkinson, the production foreman for Conoco, resided in Hidalgo County; suit was first filed in Harris County, then in Zapata County, and finally in Starr County, where it was tried on the merits. The previously discussed deposition testimony of Wilkinson reveals that he had limited authority to order materials and supplies for Conoco. In addition to his deposition testimony above-stated, in response to the question, "what sort of decisions are you allowed to make with regard to—on your own—with regard to the maintenance work that is done here in the Rincon Field?," he replied:

Well, if we have a bolt loose, a flow line lead, well problems, sometimes well problems involve Mr. Matthews, but things like that, the guys fix them or else they come to me and say "How can we fix these?," and we talk about it. And we fix them.

Furthermore, Wilkinson's requests for supplies and materials could not be made of

any vendor. Wilkinson was limited to a list of approved vendors with whom Conoco had previously arranged contracts. Thus, Wilkinson's requests for supplies and materials did not encompass a separate contract. Blanket contracts with suppliers had theretofore been negotiated and made by Conoco's employees in Corpus Christi and Houston.

In *Clearwater Constructors, Inc. v. Gutierrez,* 626 S.W.2d 789, 793 (Tex.Civ. App.—San Antonio 1981, no writ), this court said:

> Even if it be assumed that there was present in Bexar County a person possessing the required "broad powers," plaintiff failed to establish the applicability of the agency or representative portion of subdivision 27. In *Milligan,* the Supreme Court required that the representative not only possess broad powers, *but that he be a resident in the county in which suit is filed.* Plaintiff produced no evidence that Clearwater's "representative" on the job, whatever the nature and extent of his powers, resided in Bexar County. (Emphasis added).

*Id.* at 794.

In addition to the residency requirement holding, this court also had this to say about what the proof must show in order to establish an agent or representative in the county of suit:

> Plaintiff insists that the evidence supports the finding that Clearwater had a representative in Bexar County because of the following testimony:
>
> a. The contract between Clearwater and the Corps of Engineers required Clearwater to "have on the work [site] a competent superintendent ... with authority to act for" Clearwater.
>
> b. John Stark, Clearwater's "job site superintendent" used a trailer at the job site as his office.
>
> c. Clearwater employed a "project engineer" on the job.
>
> *The evidence does not indicate the nature of the duties of Stark or the project engineer. Despite the provision of the contract, there is no evidence that the job site superintendent or the*

*project engineer possessed "broad powers from the defendant." In the absence of such evidence, it cannot be said that plaintiff established the presence of anyone in Bexar County meeting the Milligan test concerning "broad power." John B. May, Inc. v. Accu–Namics, Inc.,* 528 S.W.2d 898 (Tex.Civ.App.— Waco 1975, no writ); *Mid–Continent Life Insurance Company v. Huston,* 481 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). (Emphasis added).

*Id.* at 793–94.

In *Colorado Interstate Gas Co. v. MAP-CO, Inc.,* 570 S.W.2d at 170, the court discussed similar claims with respect to the district superintendent and a field superintendent. The court concluded:

> As further proof of an agency or representative, MAPCO calls attention to the job descriptions of CIG's district superintendent and field superintendents headquartered in Moore County. The district superintendent is responsible for the operations and maintenance of all pipelines, compressor stations, measurement facilities and gas processing, including the deliverability of both the quantity and quality of gas gathered. The field superintendents assist the district superintendent in the operations and supervise their subordinates for efficient, economical operations. There also is an area superintendent whose job description includes the element of frequent contact with customers, suppliers and the public.
>
> While the job descriptions are impressive and it is not questioned that the daily operations are directed by the supervisors, there is no direct evidence that any supervisor does, or has the discretionary power to, contract or otherwise bring about any business relationship between CIG and third parties.

In the instant case, Wilkinson was neither "district superintendent" nor "field superintendent," but was "production foreman."

The guardian of Ruiz had the burden to offer prima facie proof that venue properly lies in Starr County. *Lewis v. Exxon Co., U.S.A.,* 786 S.W.2d 724, 727

(Tex.App.—El Paso 1989, no writ); TEX. R.CIV.P. 87. The argument is made that she met that burden because the employment activities of Wilkinson under the "agency" or "representative" exception in TEX.CIV.PRAC. & REM.CODE ANN. § 15.037 (Vernon Supp.1991) fixed venue in Starr County, Texas. We do not agree.

The guardian's reliance upon *Humble Oil & Ref. Co. v. Preston,* 487 S.W.2d 956 (Tex.Civ.App.—Beaumont 1972, writ dism'd) (field superintendent supervising production from two oil and gas fields and operations of processing plants in Jefferson County who could enter into emergency contracts for repairs not exceeding $1,000 was agent for venue purposes), upon *Rudco Oil & Gas Co. v. Ogden,* 167 S.W.2d 586 (Tex.Civ.App.—Eastland 1942, no writ), and upon *Sharp v. Damon Mound Oil Co.,* 31 Tex.Civ.App. 562, 72 S.W. 1043 (1903, no writ) is misplaced.

The field superintendent in *Preston* had authority to *enter* into emergency contracts (not to exceed $1,000) which were binding on Humble Oil & Refining Company. In the present case, the production foreman did not have authority to *enter* into any contract that would bind Conoco; his authority was limited to *ordering* supplies and materials (not to exceed $500) and approving invoices from suppliers who had already been approved and contracted with by Conoco's agents in Corpus Christi or Houston. Moreover, after the United States Supreme Court noted probable jurisdiction of the differential interpretation of subdivisions 23 and 27 of article 1995 while the cases were still on appeal, Preston withdrew his opposition to the Humble plea of privilege; whereupon the Beaumont court determined that venue was fixed, the appeal moot, and venue should be transferred to Harris County.

In *Rudco* and *Sharp,* both employees, who were held to be "agents" or "representatives" of their employers, resided in the county of suit at the time it was filed.

The same is true in *Preston.* In *Rudco,* the officer of the company did little or no business for the company in the county of suit; in *Sharp,* the "agent" was the president of the company; in *Preston,* the employer was field superintendent who had limited authority to contract for the company. In the case now on appeal, Wilkinson resided in Hidalgo County on the date suit was filed and was production foreman with no authority to *contract* for Conoco; he did not reside in Starr County at that time. *Preston, Rudco* and *Sharp* are distinguishable on the facts from the instant case. Both the Supreme Court and this court have held that the employee, in order to be an "agent" or "representative" of the employer for the purpose of venue, must be a resident of the county where suit was filed on the date that the suit was filed, unless the business of the defendant/employer "is, in more or less regular and permanent form, actually conducted in the county of suit." *See Milligan,* 250 S.W.2d at 198, and *Clearwater,* 626 S.W.2d at 793.

In conclusion, there is no evidence that Wilkinson resided in Starr County at the time suit was filed or possessed broad powers of discretion from Conoco. Wilkinson's placement of orders had to be approved by other employees of Conoco, none of whom resided in Starr County. Wilkinson was required to supervise menial and mechanical tasks of four men which would keep the leasehold property operating properly. We hold that the trial court erred in denying Conoco's Motion to Transfer Venue from Starr County to Harris County, and that such denial constituted reversible error. TEX.CIV.PRAC. & REM.CODE ANN. § 15.064 (Vernon 1986). Therefore, although it was not error to deny Conoco's motion for summary judgment,[2] or its motions for directed and instructed verdict, it was reversible error to deny it motion to transfer venue to Harris County. Conoco's first point of error is sustained, but its second, third and fourth points of error are overruled.

---

**2.** Unless there is also a granting of a motion for summary judgment in favor of the adversary, the denial of a motion for summary judgment is not appealable. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980); 4 Tex.Jur. 3rd *Appellate Review,* §§ 93, 94.

Accordingly, the motions for rehearing of the appellants and appellees are denied. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions that the District Clerk of Starr County, Texas, forthwith transfer the cause (case) to the District Clerk of Harris County, Texas, for further proceedings.