DISSENTING OPINION



No. 04-92-00387-CV



HYUNDAI MOTOR COMPANY; Hyundai Motor America, Inc.;


 and Port City Hyundai, Inc.,


Appellants



v.



Mario Alvarado,


Appellee



From the 229th Judicial District Court, Duval County, Texas


Trial Court No. 14,492


Honorable Benjamin Euresti, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice

Dissenting opinion by: Bill J. Stephens, Justice(1)


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Bill J. Stephens, Justice


Delivered and Filed: November 25, 1998


 I respectfully disagree with my colleague's treatment of Point of Error Number One, and
accordingly I dissent.

 The majority opinion believes the real issue to be whether "tag-along" venue is a legitimate
method of acquiring venue, citing from Justice Michol O'Connor, et al., O'Connor's Texas
Rules: Civil Trials 95 (1997):

 This (the venue statute) permits a plaintiff to establish venue against
a target defendant by first filing suit against a friendly defendant, who
then will file a third party action against the target defendant.



and concluding that Polaris Inv. Management Corp. v. Abascal, 892 S.W.2d 860, 862 (Tex. 1995)
supported that premise. The Polaris case was an appeal from the denial of mandamus by the Court
of Appeals to force the trial court to change its venue ruling. The Supreme Court granted the writ
and held that mandamus would not lie to challenge a venue decision. I do not read into this opinion
that "tag-along" venue was approved by the Supreme Court.

 I would further support my position in the following dissent by reliance on WTFO, Inc. v.
Braithwaite, 899 S.W.2d 709, 714 (Tex. App.--Dallas 1995, no writ) which held:

 When a motion to transfer venue is filed, the initial burden of proof
that venue is maintainable in the county of suit is on the plaintiff.
Tex. R. Civ. P. 87(2)(a). If the defendant specifically denies the
venue facts, the plaintiff must support his pleadings by prima facie
proof of the venue facts. Tex. R. Civ. P. 87(3)(a).... If the plaintiff
fails in his burden, the defendant has the burden of showing that
venue is maintainable in the county in which the transfer is sought
under either a general, permissive, or mandatory venue rule. See Tex.
Civ. Prac. & Rem. Code Ann. §§ 15.001-.040 (Vernon 1986); Tex.
R. Civ. P. 87(2)(a). If the defendant succeeds in that showing, the
cause will be transferred to the appropriate county. Tex. R. Civ. P.
87(2)(a).


and Pearson v. Jones Co., Ltd., 898 S.W.2d 329 (Tex. App.--Eastland 1994, no writ) for the
proposition that a reviewing court must review the entire record and determine whether there is any
probative evidence that venue was proper in the county of trial.

POINT OF ERROR NUMBER ONE
 

 The trial court's judgment must be reversed, because venue was improper in
Duval County.


 This case was first filed in Webb County, the county of the accident, and resulted in a final
summary judgment in favor of Hyundai. That case was appealed to this court as Cause No. 04-91-00208-CV, styled Mario Alvarado, et al. v. Hyundai Motor Co., et al. On March 14, 1994, this court
reversed and rendered the trial court's judgment.

 After the summary judgment was granted in Webb County, this suit was filed in Duval
County against Nueces County residents Vicente Reyes, for negligence, and Rita Padron, the owner
of the car, for negligent entrustment. After Reyes and Padron answered without challenging venue,
plaintiffs, on the same day, amended their pleadings to join the same Hyundai defendants named in
the Webb County suit. The Hyundai defendants filed answers, subject however, to their motions to
transfer venue to Webb County, Texas and to their pleas in abatement. Following a hearing on the
motions to transfer venue to Webb County, the motions were denied. After denial of the motion to
transfer venue, the Hyundai defendants filed cross-actions against Reyes and Padron.

VENUE


 The Hyundai defendants' motions to transfer venue, which were timely filed in March, 1991,
were heard by the Duval County district judge on May 1, 1991. These motions were denied by order
signed July 24, 1991.

 Venue was proper in either Webb County, Texas, where the accident occurred, or in the
county where the defendants resided. Tex. Civ. Prac. & Rem. Code Ann. § 15.001 (Vernon 1986).

 On March 4, 1991, the plaintiffs filed the following Requests for Admissions in the case in
Duval County, addressed to Reyes and Padron and their attorney of record:

 1. Admit or deny that Rita Padron is a resident of Duval County, Texas.

 2. Admit or deny that Vicente Reyes is a member and resident of the
household of Rita Padron.


 The record shows that plaintiff's attorney certified that true and correct copies of the
Requests for Admissions to Reyes and Padron were forwarded to all counsel of record on the 1st day
of March, 1991. Neither Reyes nor Padron filed answers to the Requests for Admissions.

 The record further reveals that a copy of the Request for Admissions were served upon the
attorney for Reyes and Padron on March 1, 1991, but the post office "green card" showing that the
attorney for Reyes and Padron received such copy was not filed in the court records until November
17, 1992, a date after the Hyundai defendants' motions to transfer venue to Webb County had been
denied.

 The plaintiffs allege in their original petition (as well as in their trial petition) that:

 Defendants Vicente Reyes and Rita Padron are residents of Duval
County, Texas and can be served with citation by serving them at
their residence located at 106 E. King, San Diego, Texas.(2)


Reyes and Padron state, in their answer to plaintiffs' original petition, that:


 the allegations contained in Plaintiffs' Original Petition are generally
untrue and demands their legal prerogative of requiring Plaintiffs to
prove each and every allegation if they can.


 Hyundai included in their motions to transfer venue from Duval County to Webb County,
a specific denial that Reyes and Padron were Duval County residents. Further, there were attached
to the motions, "true and correct" copies of the deposition of Armando Fuentes, taken on July 24,
1990 in the Webb County suit, which stated that venue was proper in Webb County, where the
accident occurred.

 Hyundai contends that the venue facts alleged in Plaintiffs' petition could no longer be taken
as true after Hyundai's allegations in their motions to transfer venue that venue in Duval County was
improper. Their allegations were:

 1) the defendants Reyes and Padron do not reside in Duval County;
2) the alleged cause of action did not occur in Duval County; 3) there
are no mandatory or permissive exceptions that authorized the
maintenance of the action in Duval County; 4) specifically, the
Hyundai's (sic) defendants denied that the defendants Reyes and
Padron are residents of Duval County or that they were residents of
Duval County when this action was instituted; 5) they alleged that the
plaintiff's cause of action, if any, is founded upon an accident which
occurred in Webb County, Texas; and 6) that if plaintiffs have a cause
of action, it accrued in Webb County.



 Plaintiffs responded to Hyundai's motion to transfer venue, claiming that venue was proper
in Duval County, pursuant to section 15.001 of the Texas Civil Practice and Remedies Code since
the defendants Reyes and Padron filed a general denial and did not challenge venue. They also
claimed that venue was proper in Duval County as to the Hyundai defendants as a result of the third
party action filed by Reyes and Padron against the Hyundai defendants pursuant to section 15.062
of the Texas Civil Practice and Remedies Code.

 Tex. Civ. Prac. & Rem. Code Ann. § 15.061 (Vernon 1986) provides:

 When two or more parties are joined as defendants in the same action
or two or more claims or causes of action are properly joined in one
action and the court has venue of an action or claim against any one
defendant, the court also has venue of all claims or action against all
defendants unless one or more of the claims or causes of action is
governed by one of the provisions of Subchapter B requiring transfer
of the claim or cause of action, on proper objection, to the mandatory
county.


Tex. Civ. Prac. & Rem. Code Ann. § 15.062 (Vernon 1986) provides:


 Venue of the main action shall establish venue of a counterclaim,
cross claim, or third-party claim properly joined under the Texas
Rules of Civil Procedure.



 The Hyundai defendants argue that the failure of Reyes and Padron to file a motion to
transfer venue merely waives the right to challenge venue and has no effect whatsoever on the rights
of the Hyundai defendants to challenge venue of the action brought by the plaintiffs against them.
With this argument, I agree.

 Plaintiffs respond, claiming that venue in Duval County is proper because the Requests for
Admissions sent to Reyes and Padron establish this fact. They further state that "because these
requests were never answered, they were automatically deemed admitted." In their brief, they argue:

 The evidence before the trial court at the time of its venue
determination established without question that Reyes and Padron
lived in Duval County, and therefore Duval County was a permissible
choice for Alvarado pursuant to Tex. Civ. Prac. & Rem. Code
§15.001 (Vernon 1986).




*********



 Because the suit against Hyundai grew out of the same transaction as
the suit against Reyes and Padron, and because the trial court had
venue over the claims of Reyes and Padron, section 15.062 required
that venue over the Hyundai claims be retained in Duval County.


 Rules 86 and 87 of the Texas Rules of Civil Procedure govern motions to transfer venue.
Tex. R. Civ. P. 86, 87. Rule 86 provides in relevant part that the motion to transfer venue shall state
that the action should be transferred to another county of proper venue because "the county where
the action is pending is not a proper county," and "the motion shall state the legal and factual basis
for the transfer of the action" and further, "shall request transfer of the action to a specific county
of mandatory or proper venue." The Hyundai defendants' motions to transfer venue from Duval
County to Webb County meet the requirements of Rule 86.

Governing Law of Review


 The standard of appellate review is governed by the following language of Tex. Civ. Prac.
& Rem. Code Ann. § 15.064 (Vernon 1986):

 (b) On appeal from the trial on the merits, if venue was improper it
shall in no event be harmless error. In determining whether venue was
or was not proper, the appellate court shall consider the entire record,
including the trial on the merits.


 The plain language of § 15.064(b) requires the appellate court to conduct an independent
review of the entire record to determine whether venue was or was not proper in the county of suit.
In deciding a venue issue, the Court of Appeals will conduct an independent review of the entire
record, including the trial on the merits. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (Vernon
1986); Ruiz v. Conoco, Inc., 868 S.W.2d 752, 757-58 (Tex. 1993).

 On appeal, the issue is not whether the trial court properly determined the venue issue, but
whether the venue as determined by the trial court is, in fact, proper or improper. If venue is
improper, it is presumed to be harmful error, and the case will be reversed.

 The language of Tex. R. Civ. P. 87 (3)(a) is particularly persuasive:

 (a) Affidavit and Attachments. All venue facts, when properly
pleaded, shall be taken as true unless specifically denied by the
adverse party. When a venue fact is specifically denied, the party
pleading the venue fact must make prima facie proof of that venue
fact; provided, however, that no party shall ever be required for venue
purposes to support by prima facie proof the existence of a cause of
action or part thereof, and at the hearing the pleadings of the parties
shall be taken as conclusive on the issues of existence of a cause of
action. Prima facie proof is made when the venue facts are properly
pleaded and an affidavit, and any duly proved attachments to the
affidavit, are filed fully and specifically setting forth the facts
supporting such pleading. Affidavits shall be made on personal
knowledge, shall set forth specific facts as would be admissible in
evidence, and shall show affirmatively that the affiant is competent
to testify.


 No party is required to prove the elements of his cause of action for the purpose of
establishing venue; however, when the defendant specifically denies the venue allegations of the
plaintiff, the latter is required to present prima facie proof of the venue facts. Tex. R. Civ. P.
87(3)(a); Conoco, Inc. v. Ruiz, 818 S.W.2d 118, 126-7 (Tex. App.--San Antonio 1991), aff'd, 868
S.W.2d 752 (Tex. 1993); Kimmell v. Loeffler, 791 S.W.2d 648, 653 (Tex. App.--San Antonio 1990,
writ denied).

 In the case at bar, the plaintiffs offered no evidence to establish that venue was proper in
Duval County. Their response to the motions to transfer venue contained no affidavits or other proof
of any kind; they simply argued that Reyes' and Padron's waiver of their right to contest venue
"proved" venue facts against the Hyundai defendants, and that the "deemed admission" by Reyes
and Padron proved venue as to them in Duval County. I disagree.

 One party's waiver does not constitute "prima facie proof" against another party asserting
venue rights under Tex. R. Civ. P. 87(3). If another party's waiver could substitute for proof of
venue facts, the statutory goal of proper venue as set out in section 15.061 of the Texas Civil Practice
and Remedies Code would be thwarted.

 Admissions deemed admitted against one defendant cannot be used to establish residence for
venue purposes as to another defendant in the same case when the other defendant challenges venue.
See USX Corp. v. Salinas, 818 S.W.2d 473, 479 (Tex. App.--San Antonio 1991, writ denied).
Furthermore, it is well settled that deemed admissions resulting from one defendant's failure to
answer a request for admissions may not be imputed to another defendant in the same case, nor are
they binding on the latter. Hardy v. DeLeon, 5 Tex. 211, 243 (1849); Texas Supply Center, Inc. v.
Daon Corp., 641 S.W.2d 335, 338 (Tex. App.--Dallas 1982, writ ref'd n.r.e.); Carbonit Houston,
Inc. v. Exchange Bank, 628 S.W.2d 826, 829 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd
n.r.e.); Gonzales v. Blake, 605 S.W.2d 634, 636 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ);
Grierson v. Sreenan, 560 S.W.2d 423, 425 (Tex. Civ. App.--Beaumont 1977, no writ); Bryant v.
Kimmons, 430 S.W.2d 73, 76 (Tex. Civ. App.--Austin 1968, no writ).

 In the case at bar, the Hyundai defendants filed motions to transfer venue to Webb County
in which they alleged that venue was improper in Duval County. Their motions were supported by
allegations and proof by way of affidavits that the plaintiffs' cause of action accrued in Webb
County.

 When a venue fact is specifically denied by a defendant, as it was here, the plaintiff, the party
pleading the venue fact, must make prima facie proof of it. "Prima facie proof is made when the
venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavits,
are filed fully and specifically setting forth the facts supporting such pleading." Tex. R. Civ. P.
87(3)(a).

 As already noted, the plaintiffs offered no proof by affidavits, or otherwise, that the
defendants Reyes and/or Padron were residents of Duval County when the suit was filed. Even
though the Requests for Admissions were deemed admitted, that had no effect on the Hyundai
defendant's motion to transfer venue. The Hyundai defendants sustained their burden to show that
venue was proper in Webb County by filing affidavits and the duly attached excerpts from the
Armando Fuentes' deposition which stated that the accident, made the basis of the suit, occurred in
Webb County. The district court of Duval County, on the basis of the pleadings and affidavits
before it, was required to transfer venue of the case to Webb County, where the action accrued. See
Cox Engineering, Inc. v. Furston Machine & Supply Co., 749 S.W.2d 508, 511-12 (Tex. App--Fort
Worth 1988, no writ). This, it did not do, but determined that venue was proper in Duval County.

 A review of the entire record, both the trial and appellate, show no evidence that plaintiffs
resided in Duval County at the time suit was filed. To the contrary, in answer to interrogatories filed
on October 21, 1991, both Reyes and Padron state that their place of residence was "10521 Hemlock,
Corpus Christi, Texas." I would take judicial notice that Corpus Christi, Texas is in Nueces County,
Texas. Also, the record reveals that the plaintiffs introduced into evidence the accident reports made
by a Texas Highway Patrolman at the scene of the accident. This report states that Reyes' place of
residence was "10521 Hemlock, Corpus Christi, Texas," and that the accident made the basis of the
suits occurred in Webb County, Texas. There was no evidence contradicting the sworn testimony
of Reyes and Padron that they resided in Corpus Christi, Nueces County, Texas.

 The plaintiffs' argument that venue is "proper" in Duval County is based on the premises
that: 1) an unrelated party can "waive" another litigant's right to complain about venue; and 2) the
mere existence in the court file of requests for admission directed to another party which were not
answered, provides "evidence" of venue facts to defeat a motion to transfer venue. Neither argument
is valid.

 Reyes' and Padron's lack of complaint about venue does not make venue "proper" in Duval
County, as to the Hyundai defendants. Venue is "proper" only if the venue statutes place venue in
the county of suit. The plaintiffs' position ignores the real issue; whether venue in Duval County
comported with the statutory venue provisions.

 The Hyundai defendants' venue proof establishes conclusively that the plaintiffs' cause of
action accrued in Webb County. The Hyundai defendants timely denied plaintiffs' venue allegations
and moved to transfer the case to Webb County, Texas. The plaintiffs failed to meet their burden of
showing that venue was proper in Duval County, and the record before this court demonstrates that
venue was not proper in Duval County, but was proper in Webb County.

 I would sustain the Hyundai defendants' first point of error as to Appellants Hyundai Motor
Company, Hyundai Motors America, Inc., and Port City Hyundai, Inc., and order the cause of action
as to them remanded to the trial court with instruction to direct the district clerk of Duval County,
Texas, to forthwith transfer this cause, as to them, to the district clerk of Webb County, Texas, for
further proceedings. The defendant Vicente Reyes did not appeal, and the judgment as to him should
be final.

 BILL STEPHENS,

 JUSTICE

PUBLISH











1. Assigned to this case by the Chief Justice of the Supreme Court of Texas.
2. The record does not show that citation was ever issued or served on either
Reyes or Padron.


Return to
4th Court of Appeals Opinions